ELIZABETH S. ALLEN (SMITH) v. TONY PHILLIP ALLEN

No. 8221DC1134

(Filed 15 November 1983)

**Divorce and Alimony § 27— child custody action—erroneous attorney fee order**

An order in a child custody action directing plaintiff mother to pay fees of defendant father's attorney in the amount of $13,860.00 and his expenses of $2,569.20 must be vacated where it was entered without notice to or the presence of plaintiff or her counsel, and it contained no findings that defendant was acting in good faith and had insufficient means to defray the expenses of the suit.

APPEAL by plaintiff from *Tash, Judge.* Judgment entered 21 May 1982 in District Court, FORSYTH County. Heard in the Court of Appeals 19 September 1983.

The parties, divorced in October, 1979, have a six year old daughter, whose custody has been contested since shortly thereafter, both in this Court and elsewhere. The judgment appealed

from directs plaintiff to pay the fees of defendant's attorney in the amount of $13,860.00 and his expenses in the amount of $2,569.20. Earlier developments in the case pertinent hereto follow:

By the divorce judgment incorporating therein the parties' earlier contract and deed of separation, which awarded plaintiff custody of the child and allowed defendant scheduled visitation, custody and visitation have been under the court's control ever since. Both parties remarried and shortly thereafter both became dissatisfied with the custody and visitation arrangements. In February, 1980, defendant filed a motion alleging changed circumstances and requesting that custody be changed to him. Plaintiff responded, alleging defendant's failure to conform to the visitation terms and harassing telephone calls by defendant's new wife, and countermoved that defendant be adjudged in contempt. Hearings on the motion and countermotion were scheduled, continued, and rescheduled until May 19, 1980, when hearing was finally had and an order with respect thereto was entered June 9, 1980. Before the hearing, however, plaintiff's counsel was permitted to withdraw and she and the child had joined her new husband in Hawaii, and the hearing was held in her absence. By the June 9, 1980 order, the judge awarded custody of the child to defendant. In doing so the judge made just one finding of fact and one conclusion of law relating to attorney's fees as follows:

XV. THAT the Court finds that the defendant has incurred substantial attorney fees in this matter; however, the Court will reserve ruling on the amount of the attorney fees until such time as the child has been returned to the jurisdiction of Forsyth County.

6. That the plaintiff shall be responsible for the attorney fees incurred on behalf of the defendant; however, the Court will withhold ruling as to the amount of attorney fees at this time and shall rule on the attorney fees at such time as the plaintiff is brought before the Court.

In August, 1980, defendant and his attorney went to Hawaii and obtained a court order there directing plaintiff to surrender the child to him, which she did, and defendant brought the child back to North Carolina. Plaintiff obtained new counsel and in October, 1980, alleging surprise, excusable neglect and lack of

notice, moved that the June 9, 1980 order be set aside pursuant to the provisions of Rule 60 of the Rules of Civil Procedure. By order entered 5 December 1980 the motion was denied and upon appeal to this Court the order was affirmed by an unpublished opinion filed therein March 16, 1982 [*Allen v. Allen*, 56 N.C. App. 467, 291 S.E. 2d 370 (1982)].

By motion filed April 13, 1982, plaintiff alleged a change in circumstances and requested that custody of the child be returned to her. By affidavit sworn to May 20, 1982, defendant's counsel itemized his expenses and time spent on the case, which included 72 hours in Hawaii. So far as the record reveals, a copy of the affidavit was not furnished plaintiff's counsel; nor was he notified when the court would consider defendant's affidavit and determine the matter. By judgment entered *ex parte* the next day, May 21, 1980, plaintiff was directed to pay the defendant's counsel $13,860.00 in fees and $2,569.20 for expenses. Though the judgment, which states it is based upon the June 9, 1980 order and counsel's affidavit, contains various findings as to the legal services rendered and appropriate hourly compensation therefor, neither it nor the June 9, 1980 order contains any finding that defendant is unable to pay the fees and expenses of his counsel.

*Richard A. Lucey for plaintiff appellant.*

*Carl F. Parrish for defendant appellee.*

PHILLIPS, Judge.

Though all proceedings appealed from are presumed to be correct until the contrary is discovered or shown, *London v. London*, 271 N.C. 568, 157 S.E. 2d 90 (1967), the presumption as to this proceeding survived only until the record was looked at. Because from any angle that the record is viewed, error is both manifest and unusually multitudinous, particularly for a routine, one problem case like this.

If Paragraphs XV and 6 of the June 9, 1980 order are deemed to constitute a valid judicial base upon which to engraft a later determination that plaintiff must pay defendant's attorney a certain sum, and they are the only base that there is, the judgment appealed from must fail, since it was not entered in accord therewith. The earlier order expressly provided that the amount of the

attorney's fees would not be ruled on until "such time as the plaintiff is brought before the Court." Establishing the amount due from plaintiff in consultation with only counsel for the defendant, without any notice at all to plaintiff or her counsel, clearly did not meet the condition stated. But even if the order had not so provided, the *ex parte* judgment could not stand; because under our system litigating parties have a right, not only to be present, but to be heard when their substantial rights and duties are being adjudged; and having legal services that one is required to pay for determined to be worth more than $16,000 is a substantial matter legally to any litigant.

The court, no doubt, was under the impression that, since plaintiff's responsibility for paying had already been determined, at least to his satisfaction, the amount to be paid could be determined when he saw fit without affording plaintiff the opportunity to participate therein. But determining what sum is reasonable to pay another litigant's lawyer in a custody case is a judicial, rather than a ministerial or clerical function, as the statute proceeded under, G.S. 50-13.6, plainly states, and plaintiff was entitled to have the determination made in the usual way judicial determinations are made—in court, before both parties, with each having the opportunity to present information and their views with respect to it. Nor was it just a matter of assessing the value of services, the reasonableness and necessity of which had already been established. All that the prior order determined was that defendant's counsel had rendered services and plaintiff was to be liable for them; the nature, extent, and necessity for the various services later itemized was not determined, and plaintiff had a right to question the necessity or reasonableness of any service claimed, as well as the worth of any service approved. Finally, even if the limited determination made in June, 1980 had been judicially binding, it applied only to services rendered up to that time; it certainly did not apply to future services, as the court erroneously assumed in giving value to services that were not performed until several months after the order was entered.

The prior order was no proper judicial base for requiring plaintiff to pay the fees of defendant's attorney, however, because none of the steps required by law to make plaintiff responsible for defendant's counsel fees were taken at that time. At most, it was just the expression of an intention by the court to tax de-

Allen v. Allen

fendant's counsel fees against plaintiff at some later time; it had none of the elements that make judicial determinations binding on parties and courts alike. In relevant part, G.S. 50-13.6 provides: "[T]he court may in its discretion order payment of reasonable attorney's fees to an interested party acting in good faith who has insufficient means to defray the expense of the suit." This provision has been interpreted as requiring that before attorney's fees can be taxed thereunder, the facts required by the statute — that (1) movant is acting in good faith, and (2) has insufficient means to defray the expenses of the suit — must be both alleged and proved. *Hudson v. Hudson*, 299 N.C. 465, 263 S.E. 2d 719 (1980). In this proceeding neither of the facts required by the statute have been either alleged or proved by the appellee; nor were they found to exist by the judge and the record contains no evidence as to either of them. Thus the judgment appealed from must be vacated. If it should later be alleged and proved that appellee is entitled to have plaintiff pay his counsel fees, in addition to the findings usually required in matters of this kind, it would be necessary in this instance, it seems to us, to make findings not merely as to the reasonableness of hourly compensation for legal services, but as to the nature and extent of the legal work done in Hawaii and whether it was necessary for North Carolina counsel to go there to accomplish it, or whether it could have been as efficaciously accomplished in much less time by counsel that was obtained there anyway.

Contrary to appellee's argument, the issue raised by this appeal was neither determined nor foreclosed by the earlier appeal. That appeal merely resolved the trial judge's refusal to set aside the July 9, 1980 order, the effective provisions of which transferred custody of the child from plaintiff to defendant. The issues then raised by plaintiff's motion were excusable neglect, notice, and the like; the issue of attorney's fees was neither raised nor raisable at that time, because no fees had been ordered. That the order, which expressed the intention to tax defendant's attorney fees against plaintiff at some future time, was not set aside does not prevent us from considering the legality of the fees that have now been assessed. Obviously, the time to contest an order based on statutory authority to award reasonable attorney's fees is when fees are awarded and not before.

Judgment vacated.

Chief Judge VAUGHN and Judge WHICHARD concur.