IN THE MATTER OF: BABY BOY SCEARCE DOB: 11/19/83

No. 8514DC756

(Filed 1 July 1986)

1. **Courts § 7.4— motion for attorney's fees four months after appeal—no jurisdiction in trial court**

    The trial court was without jurisdiction to consider intervenors' motion requesting attorney's fees where the motion was made approximately four months after the trial court had entered the order awarding child custody to the intervenors and approximately four months after the Department of Social Services had filed its notice of appeal of that order, and the appeal took the case out of the jurisdiction of the trial court.

2. **Courts § 7.4— motion for costs four months after appeal—jurisdiction of trial court**

    Though a child custody order had been appealed four months prior to the guardian ad litem's Rule 60 motion for an award of costs, the trial court nevertheless had jurisdiction to consider the motion and indicate how it was inclined to rule on the motion.

APPEAL by petitioner from *Labarre, Judge.* Orders entered 3 and 5 June 1985 in District Court, DURHAM County. Heard in the Court of Appeals 5 December 1985.

   *Thomas Russell Odom for Department of Social Services, appellant.*

   *Carolyn McAllaster for Kelly and Barbara Whitman, intervenor appellees; and N. Joanne Foil, guardian ad litem, appellee.*

COZORT, Judge.

In an opinion filed simultaneously with this opinion, we affirmed an Order of Durham County District Court awarding temporary legal custody of the minor child Baby Boy Scearce to his foster parents, with limited visitation privileges to the biological father. (See No. 8514DC755.) This appeal arises from a determina-

tion of the Durham County District Court indicating that it would award attorney's fees to the intervenors (foster parents) and costs to the guardian ad litem. The Durham County Department of Social Services (hereinafter referred to as DSS) appealed from the Orders alleging that the district court lacked jurisdiction to enter the Orders and that the Orders were erroneous because the findings of fact and conclusions of law were not supported by the evidence. We hold that the trial court did not have jurisdiction to enter the Order as to the intervenors' request for attorney's fees. We hold that the court did have jurisdiction to enter the Order as to the guardian ad litem's request for costs.

I.

[1] First, we will address the intervenors' Motion in the Cause requesting attorney's fees pursuant to G.S. 50-13.6. A request for attorney's fees may be properly raised by a motion in the cause subsequent to the determination of the main custody action. *See Upchurch v. Upchurch*, 34 N.C. App. 658, 664-65, 239 S.E. 2d 701, 705 (1977). In this case, however, the intervenors' motion was made 22 April 1985, approximately four months after the trial court had entered the Order awarding custody to the intervenors, and approximately four months after DSS had filed its Notice of Appeal to that Order. It is well established that as a general rule an appeal takes the case out of the jurisdiction of the trial court. *Sink v. Easter*, 288 N.C. 183, 217 S.E. 2d 532 (1975). Thus, the trial court lacked jurisdiction to consider the intervenors' motion. With the appeal of the custody order having been resolved in the opinion filed simultaneously with this opinion (see No. 8514DC755), the trial court can now properly consider intervenors' motion, pursuant to G.S. 50-13.6, for attorney's fees. Before awarding attorney's fees, the trial court must make specific findings of fact concerning:

(1) the ability of the intervenors to defray the cost of the suit, *i.e.*, that the intervenors are unable to employ adequate counsel in order to proceed as a litigant to meet the other litigants in the suit;

(2) the good faith of the intervenors in proceeding in this suit;

(3) the lawyer's skill;

(4) the lawyer's hourly rate;

(5) the nature and scope of the legal services rendered.

*See Warner v. Latimer,* 68 N.C. App. 170, 314 S.E. 2d 789 (1984);
*Allen v. Allen,* 65 N.C. App. 86, 308 S.E. 2d 656 (1983); *Ricken-
baker v. Rickenbaker,* 21 N.C. App. 276, 204 S.E. 2d 198 (1974).
The lawyer's skill, hourly rate, and the nature and scope of the
legal services rendered all relate to a conclusion of the reason-
ableness of the attorney's fees. *See Upchurch v. Upchurch, supra;
Ward v. Taylor,* 68 N.C. App. 74, 314 S.E. 2d 814, *cert. denied,* 311
N.C. 769, 321 S.E. 2d 157 (1984).

## II.

[2]   The guardian ad litem filed a motion pursuant to Rule 60 re-
questing a supplemental order wherein she alleged that through
oversight and inadvertence the district court failed to order
assessment of costs incurred in the action, including witness fees
for out-of-county witnesses as well as for expert witnesses. In
*Ward v. Taylor, supra,* this Court recognized the right of the trial
court pursuant to Rule 60(a) to correct inadvertent omissions of
costs from an order. The controlling question here is whether the
trial court had jurisdiction to consider the guardian ad litem's mo-
tion after DSS had entered its Notice of Appeal. The guardian ad
litem's Motion for a Supplemental Order was made 25 April 1985,
approximately four months after the Order awarding custody was
entered.

In *Bell v. Martin,* 43 N.C. App. 134, 140-42, 258 S.E. 2d 403,
408-09 (1979), *reversed on other grounds,* 299 N.C. 715, 264 S.E. 2d
101 (1980), this Court stated:

There is authority, however, for the proposition that the
trial court retains limited jurisdiction, after an appeal has
been taken, to hear and consider a Rule 60(b) motion . . . .

* * * *

It appears to us that the better practice is to allow the
trial court to consider a Rule 60(b) motion filed while the ap-
peal is pending for the limited purpose of indicating, by a
proper entry in the record, how it would be inclined to rule
on the motion were the appeal not pending. . . . This pro-
cedure allows the trial court to rule in the first instance on

the Rule 60(b) motion and permits the appellate court to review the trial court's decision on such motion at the same time it considers other assignments of error.

We hold the trial court had jurisdiction to consider the motion made pursuant to Rule 60 and indicated how it was inclined to rule on the motion, consistent with our holding in *Bell v. Martin, supra.* After reviewing the trial court's Order awarding costs, we find the facts support the conclusions of law, and the conclusions of law support the Order. We remand for entry of the Order awarding costs.

The result of the appeal is: (1) as to the Order awarding attorney's fees to the intervenors, vacated and remanded for further proceedings; and, (2) as to the Order awarding costs to the guardian ad litem, remanded for entry of order.

Judges WEBB and BECTON concur.