An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA15-88

Filed: 6 October 2015

Wilson County, No. 09 CVD 2139

CHRISTOPHER W. ABELLS, Plaintiff,

v.

TIFFANY J. MARTIN (formerly Abells), Defendant.

Appeal by defendant from orders entered 21 and 23 July 2014 by Judge John J. Covolo in Wilson County District Court. Heard in the Court of Appeals 11 August 2015.

> *No brief filed for plaintiff-appellee.*
>
> *Smith Debnam Narron Drake Saintsing & Myers, L.L.P., by Alicia Jurney, for defendant-appellant.*

BRYANT, Judge.

Where the trial court made sufficient findings of fact to support its conclusions of law that a motion to relocate the minor children and a motion to modify child custody should be denied, we affirm the rulings of the trial court. Where the trial court failed to make findings of fact as to the hourly rate, skills, and services of a party's attorney, we remand for the entry of these findings to support an award of attorneys' fees.

Plaintiff Christopher W. Abells and defendant Tiffany J. Martin (formerly Abells) were married in 1996. Two minor children were born of the marriage. On 14 October 2009, plaintiff filed a complaint against defendant for temporary and permanent child custody and support, and equitable distribution. Defendant filed an answer and counterclaim for custody, child support, post-separation support, alimony, and equitable distribution on 19 November.

On 21 January 2010, the trial court entered an order granting primary custody of the minor children to defendant and secondary custody to plaintiff. Defendant filed a motion to relocate herself and the minor children to California, where defendant's fiancé resided, on 2 June 2011. A formal order denying defendant's motion for relocation was entered 19 January 2012.

In September 2012, both parties entered motions to modify child custody. After conducting a hearing on the matter on 8—9 May 2014, the trial court, by order entered 21 July 2014, denied both parties' motions to modify child custody. The trial court awarded attorneys' fees to plaintiff. On 23 July 2014, the court filed an order "[r]egarding [e]nrollment of [c]hildren in [s]chool and [t]ransportation." Defendant appeals.

———————————————

Defendant raises three issues as to whether the trial court erred: (I) in denying defendant's request to relocate with the minor children; (II) in denying defendant's motion to modify child custody; and (III) in awarding attorneys' fees to plaintiff.

*I*

Defendant argues that the trial court erred in denying her request to relocate with the minor children. Specifically, defendant raises several arguments that the trial court's conclusions of law ruling that a relocation of the minor children to California would not be in the children's best interest were not supported by its findings of fact. We disagree.

"When reviewing a trial court's decision to grant or deny a motion for the modification of an existing child custody order, the appellate courts must examine the trial court's findings of fact to determine whether they are supported by substantial evidence." *Shipman v. Shipman*, 357 N.C 471, 474, 586 S.E.2d 250, 253 (2003) (citation omitted). "Substantial evidence has been defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *McConnell v. McConnell*, 151 N.C. App. 622, 626, 566 S.E.2d 801, 804 (2002) (citation and quotation omitted). "In a custody proceeding, the trial court's findings of fact are conclusive on appeal if there is evidence to support them, even though the evidence might sustain findings to the contrary." *Senner v. Senner*, 161 N.C. App. 78, 83, 587 S.E.2d 675, 678 (2003) (citations omitted).

Defendant contends the trial court erred in denying her motion to relocate the minor children to California because the trial court's conclusions of law were not supported by its findings of fact. In its order denying defendant's motion, the trial court noted that plaintiff "regularly participates in the children's school and extracurricular activities"; "[t]he children have lived in the Wilson community continuously since the year 2005, and are thriving in the Wilson community"; "[t]he children have traveled to California only one time and do not know anyone [there]. . . . The children have only been in the physical presence of [defendant's fiancé] on three different occasions"; and "[t]he children are excelling and thriving in their current situation."[1] In addition, the trial court found:

> 21. The Court finds that the proposed relocation of the children to the . . . California area would constitute a substantial change in the circumstances of the minor children that would adversely affect their welfare, and that it is not in the best interest of the children to modify the existing visitation Order.
>
> 22. The Court finds that due to the excellent relationship that the children have with both of their parents, and due to their extensive and successful involvement in school and community activities, that the proposed relocation is unlikely to improve the lives of the children.
>
> 23. The Court questions the sincerity of [defendant] in seeking a relocation based on her contention that she is financially unable to provide for the children due to her failure to be employed full-time in that the Court believes

---

[1] The minor children did not testify or otherwise speak to the trial court.

[defendant] has not pursued full-time employment in this area vigorously.

24. Based on [plaintiff's] extensive involvement in the children's lives through his exercise of his existing visitation and his desire to have additional time with the children, the Court finds that [plaintiff] is sincere in resisting the relocation of the children.

25. The Court finds that it is very unlikely that a realistic visitation schedule can be arranged which will preserve and foster the parental relationship with [plaintiff] if the children are relocated to California.

26. The Court finds that the disadvantages to the children which would result due to the proposed relocation to California greatly outweigh any advantages.

27. The Court finds that due to the uncertainty of the relationship between [defendant] and [defendant's fiancé], if the children relocated to California, it is not clear that they could be financially supported without a contribution from [plaintiff].

28. The Court finds that [defendant] offered to reduce child support and/or reduce or eliminate her claims for post separation support and alimony in exchange for the proposed relocation of the children to California, which proposal [plaintiff] has consistently and adamantly rejected.

Defendant's contention that the trial court erred must fail. The trial court, upon hearing the arguments of counsel and reviewing the record before it, made numerous and specific findings of fact that the minor children would not benefit from a relocation to California; these findings of fact then supported the court's conclusions of law that defendant's motion for relocation should be denied. *See Spoon v. Spoon*,

___ N.C. App. ___, ___, 755 S.E.2d 66, 69 (2014) ("[T]he trial court's findings of fact are conclusive on appeal if supported by evidence in the record, even if the evidence might also support a contrary finding."). Defendant's argument is, therefore, overruled.

## II

Defendant next argues that the trial court erred in denying her motion to modify child custody. We disagree.

> The trial court has the authority to modify a prior custody order when a substantial change in circumstances has occurred, which affects the child's welfare. The party moving for modification bears the burden of demonstrating that such a change has occurred. The trial court's order modifying a previous custody order must contain findings of fact, which are supported by substantial, competent evidence. The trial court is vested with broad discretion in cases involving child custody, and its decision will not be reversed on appeal absent a clear showing of abuse of discretion. In determining whether a substantial change in circumstances has occurred: [C]ourts must consider and weigh all evidence of changed circumstances which effect or will affect the best interests of the child, both changed circumstances which will have salutary effects upon the child and those which will have adverse effects upon the child. In appropriate cases, either may support a modification of custody on the ground of a change in circumstances.

*Karger v. Wood*, 174 N.C. App. 703, 705—06, 622 S.E.2d 197, 200 (2005) (citations and quotation marks omitted).

Defendant contends the trial court erred in denying her motion to modify child custody, arguing that the trial court erred in not finding that the relocation of the minor children to California would allow the children a better standard of living. During the hearing, the trial court heard the testimony of plaintiff, defendant, and defendant's now-husband, as well as the testimony of various family and friends of both parties. The testimony generally indicated that both plaintiff and defendant were fit and proper parents and that the minor children were currently thriving academically within their respective schools in Wilson. Defendant acknowledged that the minor children were successful in their current schools, but testified that the minor children would have access to a wider range of educational opportunities in California; defendant presented to the trial court packets of information on the public schools the minor children would be eligible to attend in California. Defendant further testified that she felt that the minor children would do better if allowed to relocate to California because the public schools in California are rated more highly than the minor children's current schools in Wilson.

In its order, the trial court made numerous findings of fact regarding the roles plaintiff and defendant have played regarding the welfare of the minor children. The trial court then concluded that, despite each party's contributions to the welfare of the minor children, neither party had demonstrated a change in circumstances sufficient enough to justify a change to the child custody order. On this record,

because the trial court's findings of fact were supported by competent evidence, which in turn supported its conclusions of law, we cannot say the trial court abused its discretion in denying defendant's motion to modify child support. *See Biggs v. Greer*, 136 N.C. App. 294, 296–97, 524 S.E.2d 577, 581 (2000) ("Child support orders entered by a trial court are accorded substantial deference by appellate courts and our review is limited to a determination of whether there was a clear abuse of discretion[.] . . . [T]he trial court's ruling will be upset only upon a showing that it was so arbitrary that it could not have been the result of a reasoned decision." (citation and quotation omitted)). Accordingly, defendant's argument is overruled.

## III

Finally, defendant contends the trial court erred in awarding attorneys' fees to plaintiff.

G.S. § 50-13.6, governing the award of attorney's fees in actions for custody and support of minor children, provides:

> In an action or proceeding for the custody or support, or both, of a minor child, including a motion in the cause for the modification or revocation of an existing order for custody or support, or both, the court may in its discretion order payment of reasonable attorney's fees to an interested party acting in good faith who has insufficient means to defray the expense of the suit. Before ordering payment of a fee in a support action, the court must find as a fact that the party ordered to furnish support has refused to provide support which is adequate under the circumstances existing at the time of the institution of the action or proceeding; provided however, should the court

> find as a fact that the supporting party has initiated a frivolous action or proceeding the court may order payment of reasonable attorney's fees to an interested party as deemed appropriate under the circumstances.

N.C. Gen. Stat. § 50-13.6 (2014). "Whether these statutory requirements have been met is a question of law, reviewable on appeal." *Hudson v. Hudson*, 299 N.C. 465, 472, 263 S.E.2d 719, 724 (1980). Only when these requirements have been met does the standard of review change to abuse of discretion for an examination of the amount of attorney's fees awarded. *Id.*

Defendant contends the trial court erred in awarding attorneys' fees to plaintiff because it erroneously found that defendant's motion to modify child support was frivolous. Defendant further argues that even if the trial court did not err in finding her motion to modify child custody to be frivolous, the trial court "nevertheless failed to make the findings of fact required for an award of counsel fees."

As stated above, a trial court may, in its discretion, award attorneys' fees upon a finding that an action is frivolous, or where it is determined that a party has acted in good faith and is unable to defray the costs of litigation. N.C.G.S. § 50-13.6. However,

> [b]efore awarding attorney's fees, the trial court must make specific findings of fact concerning:
>
> (1) the ability of the [interested party] to defray the cost of the suit, i.e., that the [interested party is] unable to employ adequate counsel in order to proceed as a litigant to meet the other litigants in the suit;

(2) the good faith of the [interested party] in proceeding in this suit;

(3) the lawyer's skill;

(4) the lawyer's hourly rate;

(5) the nature and scope of the legal services rendered.

*In re Scearce*, 81 N.C. App. 662, 663—64, 345 S.E.2d 411, 413 (1986) (citations omitted).

In its order awarding attorneys' fees to plaintiff, the trial court made findings of fact that defendant had scheduled depositions of third parties "for the purpose of harassing . . . Plaintiff in an effort to increase needlessly . . . Plaintiff's litigation expenses," "Defendant's Motion for Drug testing of . . . Plaintiff was not well-grounded in fact and interposed for the purpose of harassing . . . Plaintiff and needlessly caused an increase in . . . Plaintiff's [litigation] expenses," "[t]he acts of . . . Defendant in causing her attorney to file the Motion to Modify Custody . . . constitutes repeated and unwarranted litigation with the motive of interfering with . . . Plaintiff's visitation with the minor children," and that defendant's actions caused plaintiff to "expend[] and incur[] substantial attorney fees necessary to defend against . . . Defendant[]." The trial court then made the following conclusions of law:

> 4. . . . Plaintiff does not have sufficient means to defray the
> expense of this litigation and: (a.) . . . Plaintiff was acting
> in good faith in defending against Defendant's Motion for
> Modification of Custody; and, (b.) . . . Plaintiff was acting

> in good faith in prosecuting his Motion for Modification of Custody.
>
> 5. . . . Defendant's Motion to Modify Custody, wherein . . . Defendant requested that she and the minor children be allowed to locate their residence to California, constitutes a frivolous action.

The trial court then awarded plaintiff "an award of a portion of his attorney fees . . . in the amount of $3,000.00."

Defendant's contention that the trial court erred in its finding of fact that her actions were frivolous is without merit. The trial court made sufficient findings of fact to support its award of attorneys' fees to plaintiff both on grounds that plaintiff had acted in good faith and could not afford to defray the costs of litigation, and that defendant's actions against plaintiff were frivolous. However, defendant is correct in her assertion that the trial court erred by not making findings of fact as to the skill, hourly rate, and services rendered by plaintiff's attorney in its award of attorneys' fees to plaintiff. *See id*. Indeed, a review of the transcript indicates that although plaintiff gave the trial court an affidavit as to plaintiff's attorneys' fees, the trial court failed to incorporate any findings as to this affidavit in its order. As such, although we find no abuse of discretion by the trial court in its award of attorneys' fees to plaintiff, we must remand this order to the trial court for entry of findings of fact as required by N.C.G.S. § 50-13.6 to support the amount of the award of attorneys' fees. *Id*.

AFFIRMED IN PART; REMANDED IN PART.

Judges STEPHENS and DIETZ concur.

Report per Rule 30(e).