JAMES EDISON RAPER v. J. C. BERRIER AND SADIE BERRIER.

(Filed 1 May, 1957.)

**1. Constitutional Law § 20—**

In a court proceeding all parties are entitled to be present at all of its stages so that they may hear the evidence and have an opportunity to refute it if they can. Constitution of North Carolina, Article I, Section 35.

**2. Same: Infants § 22—**

> In this proceeding for the custody of a minor child, the order of the court disclosed that the judge conferred with the minor in its chambers in the absence of counsel and the parties. *Held:* The judgment must be reversed and the cause sent back for rehearing upon objection duly entered by petitioner, the record failing to show consent or waiver of his constitutional right by petitioner.

APPEAL by petitioner from *Olive, J.,* February, 1957 Term, DAVIDSON Superior Court.

This proceeding was instituted by the natural father under G.S. 50-13 for the purpose of having the court award to him custody of his daughter, Judith Ann Raper, a minor of the age of 13 years. The minor had lived in the home of the respondents for the past nine years except from April, 1956, to December, 1956, during which time she lived with the petitioner, her stepmother, a sister, age 15, and a brother, age 11. In December, 1956, she returned to the home of the respondents where she prefers to live.

After hearing affidavits of more than 80 persons, Judge Olive made findings of fact in much detail and from them reached the following conclusions: "That the reasons justifying placing the said Judith Ann Raper in the care and custody of respondents are substantial and strong and weighty and powerful." From the order awarding custody to the respondents, the petitioner appealed.

*Charles W. Mauze; Cooley & May,*
*By: Hubert E. May, for petitioner, appellant.*
*DeLapp & Ward, for respondents, appellees.*

HIGGINS, J. The petitioner assigns as error the findings of fact made by the trial court and its failure to find facts as requested. The findings actually made are supported by the evidence. They cover all essential features of the case and are sufficient to sustain the order awarding custody to the respondents. 53 Am. Jur., 789; *Holmes v. Sanders, post,* 200; *In re Gibbons,* 245 N.C. 24, 95 S.E. 2d 85; *Reid v. Johnston,* 241 N.C. 201, 85 S.E. 2d 114.

Assignment No. 35 relates to the following part of the court's order: "Evidence having been offered by both the parties and arguments having been made by the attorneys for both parties, and the Court having conferred with Judith Ann Raper, the minor child involved in this proceeding in its chambers in the absence of counsel for petitioner and respondents and in the absence of the parties to this proceeding and no one else being present, the court finds the following facts," etc.

Did the court commit error in conferring with Judith Ann Raper in the absence of parties and counsel during the pendency of the proceeding? Her affidavit was before the court and the findings show that great weight was attached to her views and feelings, and properly so. However, in a court proceeding all parties are entitled to be present at all of its stages so that they may hear and refute if they can. In the *Gibbons case* the court conferred with the child whose custody was at issue and with others in the absence of parties and counsel. This Court held: "The court committed error in receiving testimony from witnesses without offering petitioner an opportunity to be present and know what evidence was offered." It is true witnesses other than the child were examined in the *Gibbons case,* but the error was not in the number but in the fact that any witness was so examined. While we recognize that in many instances it may be helpful for the court to talk to the child whose welfare is so vitally affected by the decision, yet the tradition of our courts is that their hearings shall be open. The Constitution of North Carolina so provides, Article I, Section 35. The public, and especially the parties are entitled to see and hear what goes on in the courts. *Biddix v. Rex Mills, Inc.,* 237 N.C. 660, 75 S.E. 2d 777; *In re Estate of Edwards,* 234 N.C. 202, 66 S.E. 2d 675; *In re S. v. Gordon,* 225 N.C. 241, 34 S.E. 2d 414; *Bank v. Motor Co.,* 216 N.C. 432, 5 S.E. 2d 318. That courts are open is one of the sources of their greatest strength. There is no suggestion that the able and conscientious judge was improperly influenced by the private interview but the petitioner's right to hear all that was offered in his case must not be denied him. *In re Gibbons, supra,* and cases there cited; *Carter v. Kubler,* 320 U.S. 237; *Commission v. R. R.,* 227 U.S. 88.

Without doubt the court may question a child in open court in a custody proceeding but it can do so privately only by consent of the parties. We are advertent to the fact that trial courts on occasion have held private conversations with children involved in custody hearings, *Tyner v. Tyner,* 206 N.C. 776, 175 S.E. 144; but the record in that case discloses that the interview conducted by Judge Alley was upon a prior hearing to determine temporary custody and not upon the final hearing from which the appeal came to this Court. In *Tyner v. Tyner* no exception was taken to the interview. No appeal was taken from the order awarding temporary custody. The private interview was not the subject of an assignment of error in *Tyner v. Tyner.* It was in the case of *In re Gibbons,* and it is on this appeal.

Respondents argue that the affidavit of Judith Ann Raper was read in evidence at the hearing and that the petitioner did not request an opportunity to cross-examine her; that he made no objection to the interview at the time and he should not be heard to object now. But evidently the court desired more information from the child than the

affidavit disclosed, otherwise the interview would have been pointless. There is nothing in the record that indicates the petitioner consented to the private examination. Reference to it appears for the first time in the court's findings of fact. The petitioner duly excepted, preserved his exception by an assignment of error, and supported the assignment by argument both orally and in the brief. For the reasons indicated, the exception must be sustained and the case sent back to the Superior Court of Davidson County for re-hearing.

Reversed.

PARKER, J., dissents.