DORA FAYE VOSHELL v. JAMES H. VOSHELL

No. 8325DC84

(Filed 5 June 1984)

1. **Divorce and Alimony § 19.3— separation agreement—modification—absence of changed circumstances**

   The trial court erred in modifying a separation agreement where the facts did not support the conclusion that a substantial change of condition had occurred in that the changes that had occurred were inherent in the separation agreement.

2. **Divorce and Alimony § 18.16— award of attorney's fees error**

   An award of attorney's fees in an action brought for modification of a separation agreement could not stand where the trial court made no finding as

to plaintiff's good faith in bringing the action even though the court found that plaintiff did not have sufficient income and assets with which to pay her attorney.

**3. Divorce and Alimony § 21.6— payment of money in exchange for interest in marital home error**

Where the rights of the parties with respect to the marital home were governed by a separation agreement, and the agreement called for a division of the proceeds after it was sold, it was error for the court to order defendant to pay $5,000 in exchange for her interest in the marital home where the property had still not been sold.

APPEAL by defendant from *Crotty, Judge*. Order entered 14 October 1982 in District Court, CATAWBA County. Heard in the Court of Appeals 8 December 1983.

The parties, who had been married and living in Catawba County for several years, separated under a written agreement in March, 1981, and plaintiff moved to LaGrange, Georgia where she had grown up. Under the terms of the agreement: The plaintiff wife received the household furnishings, a Volkswagen automobile, and custody of their one child; defendant husband agreed to pay her moving expenses, child support in the amount of $200 a month, and alimony in the amount of $200 a month for twelve months and $100 a month thereafter. It was also agreed that (a) the 1980 federal and state income tax refund payments, which were then due, would be divided equally between them; (b) the marital home would be sold by defendant and the proceeds equally divided, with defendant being permitted to occupy it during the interim; and (c) neither party would thereafter harass or molest the other.

In May of 1982, alleging abandonment and personal indignities, plaintiff instituted this action for child custody, child support and alimony. In answering, defendant asserted the separation agreement as a bar and counterclaimed for absolute divorce and breach of the non-molestation clause, alleging that she had repeatedly contacted and aggravated him since their separation. Plaintiff then filed a "Motion, Answer and Counterclaim," in which she asked that the alimony and child support payments be increased because of a change in circumstances, for equitable distribution of marital property, and dismissal of defendant's counterclaims. In the pleading, plaintiff admitted executing the separation agreement but averred that defendant's

breach of several of its terms rendered it without legal effect. The court later permitted plaintiff to redesignate the counterclaims as motions in the cause.

When the matter came on for hearing before the judge, without a jury, the parties stipulated that the issues were as follows:

> 1. Has there been a material change in circumstances to warrant a modification of the Separation Agreement dated March 11, 1981 and therefore entitle Plaintiff to an increase in alimony and/or an increase in child support;

> 2. Is Plaintiff entitled to equitable distribution of the marital property in view of the fact that she has executed the Separation Agreement dated March 11, 1981;

> 3. Is Defendant entitled to an absolute divorce based upon one year's separation;

> 4. Has Plaintiff breached the terms of the Separation Agreement;

> 5. If Plaintiff has breached the terms of the Separation Agreement, what if any damages is Defendant entitled to.

In an order containing detailed findings of fact, the judge concluded as a matter of law in pertinent part that there had been a substantial and material change of circumstances since the separation agreement was executed, necessitating modification "pursuant to N.C.G.S. 50-16.9," awarded plaintiff alimony of $200 per month and attorney's fees of $1,000, and directed defendant to pay plaintiff $5,000 in discharge of her equity in the marital home. And after finding that plaintiff violated the non-molestation agreement by making many harassing telephone calls and writing many harassing letters to defendant, the court awarded defendant $1 in damages therefor. Defendant appealed from all the provisions ordered.

*Yount & Walker, by Rufus F. Walker, for plaintiff appellee.*

*J. Bryan Elliott for defendant appellant.*

PHILLIPS, Judge.

Since the evidence presented at the hearing was not brought forward in the record, we must and do presume that the judge's findings of fact are supported by competent evidence. *Town of Mount Olive v. Price*, 20 N.C. App. 302, 201 S.E. 2d 362 (1973). Thus, the main questions remaining are whether the facts found support the conclusions made and judgment entered.

[1] By stipulating to the "change of condition" issue, the parties, in effect, agreed to give the separation agreement, which had not received the court's sanction, the status of a previously entered alimony and child support order. Though a dubious practice, it did no harm in this instance and we do not quibble about it; nevertheless, the facts found do not support the conclusion that a substantial change of condition had occurred and the judgment in that respect was erroneous. *Rowe v. Rowe*, 305 N.C. 177, 287 S.E. 2d 840 (1982). Defendant's situation has not significantly changed, as the facts found show. The only change of consequence is in plaintiff's situation; the job that she has in Georgia pays $3.92 an hour, whereas the one she had here paid $4.50; and she is now living in a rented house of inferior quality at a monthly cost of $250, whereas before she was living in her own home. But the separation agreement was made in contemplation of plaintiff leaving her home and job here to move back to Georgia; it was known that she would have to find a job and place to live when she got there and that whatever arrangements were made would necessarily be different from the arrangements that existed when she was here. Thus, though these changes have occurred, they are not the type that gives rise to legal relief; they were inherent in the agreement, cannot be the basis for revising it, and the order increasing defendant's alimony payments is therefore set aside. Because of the peculiar circumstances involved, however, and for the guidance of the parties, we interpret the order incorporating the agreement therein as being based on the conditions that existed after plaintiff was well settled in her new home, which is to say at the time of the hearing appealed from.

[2] The defendant's exception to the award of attorney's fees was also well taken. Attorney's fees can properly be awarded in custody and child support cases upon adequate findings that the moving party acted in good faith and has insufficient means to

Voshell v. Voshell

defray the expense of the suit. *Hudson v. Hudson*, 299 N.C. 465, 263 S.E. 2d 719 (1980). Though the court found that plaintiff does not have sufficient income and assets with which to pay her attorney, no finding was made as to plaintiff's good faith in bringing the action. Thus, the award of attorney's fees cannot stand.

[3] The order requiring defendant to pay plaintiff $5,000 in exchange for her interest in the marital home was likewise without authority. When this order was made, the rights of the parties with respect to the house were still governed by the separation agreement and the agreement calls for a division of the proceeds after it is sold. Agreements that have not been incorporated into a court order cannot be modified by the court except with the consent of the parties. *Holsomback v. Holsomback*, 273 N.C. 728, 161 S.E. 2d 99 (1968). As the order shows, the judge first modified the agreement to require defendant to pay the $5,000, then incorporated it into the order. Now that the agreement has been incorporated into the order of court, if the property still has not been sold, the arrangements in regard to it can properly be reconsidered by the trial court. *Walters v. Walters*, 307 N.C. 381, 298 S.E. 2d 338 (1983).

But the court's refusal to award defendant more than nominal damages for plaintiff's breach of the non-molestation clause is affirmed. Since the court found that defendant suffered no actual damage because of plaintiff's harassment and the evidence was not recorded, error has not been shown.

The parts of the order increasing plaintiff's alimony, awarding her attorney's fees, and directing defendant to pay plaintiff $5,000 are reversed, and the other parts of the order are affirmed.

Reversed in part; affirmed in part.

Judges ARNOLD and JOHNSON concur.