STEPHEN M. COX v. BEVERLY J. COX

No. COA98-769

No. COA98-1165

(Filed 18 May 1999)

## 1. Appeal and Error— notice of appeal—required

An issue as to whether the trial court erred by prohibiting defendant from assigning error to a temporary custody order was not addressed where appellant did not at any time give notice of appeal as to the order.

## 2. Contempt— condition for purging—vague

The trial court erred in a child custody and support action by entering a civil contempt order including a vague condition

which made it impossible for defendant to purge herself of the contempt. The condition did not clearly specify what the defendant could and could not do in order to purge herself; the purpose of civil contempt is not to punish but to coerce the defendant to comply.

**3. Child Support, Custody, and Visitation— custody—contempt hearing—in-chambers interview of children**

The trial court erred in a child custody action by conducting an in-chambers interview of the children over the objection of defendant, but the error was not prejudicial since the parties' attorneys were present during the interview.

**4. Child Support, Custody, and Visitation— custody—attorney fees**

The trial court erred in a child custody and support action by awarding plaintiff attorney fees where the court concluded that plaintiff did not have sufficient assets with which to pay his attorney fees and that defendant did have the means to pay plaintiff's attorney fees, but there were no findings about plaintiff's monthly income or expenses and the court did not explicitly find that plaintiff acted in good faith when he instituted this action.

**5. Child Support, Custody, and Visitation— visitation—findings**

The evidence in a custody action supported the court's visitation findings where defendant contended that no competent evidence existed to support the findings since there was no record of the private examination of the children by the court in chambers, but this interview (unlike an earlier interview) was with the consent of both parties and with counsel present. A party cannot complain about what the court learned from speaking with the children when a court makes findings based on information obtained as a result of a private examination conducted with the consent of the parties. Furthermore, the court's findings were also based on evidence presented at another hearing.

**6. Child Support, Custody, and Visitation— visitation—supervision of psychologist—findings**

The trial court did not abrogate its authority to a child psychologist in a visitation action when it found that visitation with defendant ought to be under the supervision of the psychologist. There was ample evidence to support the finding and the psychologist did not have the authority to end defendant's visitation

rights, but did have the authority to terminate counseling and treatment, which included supervised visitation, and was required to notify the court when he suspended treatment.

**7. Child Support, Custody, and Visitation— custody—attorney fees**

The trial court did not abuse its discretion by awarding plaintiff attorney fees in an action for child custody and support where the court made the necessary findings of fact and there was sufficient evidence to support those findings.

**8. Child Support, Custody, and Visitation— refusal to enter permanent order—appeal not interlocutory**

The trial court erred by refusing to enter a permanent order for child support, attorney fees and visitation and by dismissing defendant's appeal. Although all issues were resolved when the order was entered, the trial judge stated that all of his orders were temporary. A mere designation of an order as temporary is not sufficient to make that order interlocutory and not appealable; a clear and specific reconvening time must be set out in the order and the time interval must be reasonably brief.

**9. Contempt— failure to pay attorney fees—no written undertaking**

The trial court did not err by holding defendant in contempt for not paying attorney fees as directed by an order where, although defendant contended that she filed an undertaking pursuant to N.C.G.S. § 1-289 to stay enforcement of the award, she did not have a written undertaking executed by a surety.

**10. Contempt— attorney fees—findings and conclusions**

The trial court did not err by awarding plaintiff attorney fees in the amount of $875 at a civil contempt hearing where the court made the appropriate findings and conclusions.

Appeal by defendant from orders entered 16 September 1997, 4 November 1997, 6 April 1998 and 10 June 1998 by Judge Albert A. Corbett, Jr. in Lee County District Court. Heard in the Court of Appeals 29 March 1999.

Pursuant to Rule 40 of the Rules of Appellate Procedure and defendant's motion to consolidate which we granted 29 September 1998, COA98-769 and COA98-1165 are consolidated. Accordingly, we address both appeals.

Defendant (wife) and plaintiff (husband) were married 5 March 1983, separated 23 August 1995 and divorced 12 November 1996. The parties have two sons born of the marriage, Chris, born 2 June 1985 and Shawn, born 19 January 1988. On 16 November 1995, a consent order granted "joint and equal custody" of the minor children to the parties. The children lived with each party for six months during the year. The consent order further provided that neither party would pay child support to the other. The consent order was undisputed until 7 February 1997, when plaintiff filed a motion pursuant to G.S. § 50-13.7 to modify child custody and to establish child support.

After a hearing on 5 September 1997 in which an in-chambers interview of the children was held, the court entered an order on 16 September 1997 modifying the 16 November 1995 consent order. The new order awarded plaintiff primary physical custody of the two minor children. The order reserved plaintiff's motion for child support and attorneys' fees for a hearing in February 1998. The child custody decision was denominated by the trial court as a "temporary" order.

Defendant was ordered to show cause why she ought not be found in contempt of the 16 September 1997 order. At the contempt hearing on 17 October 1997, the trial court found as facts that during the September child custody hearing, defendant had been ordered by the trial court to refrain from administering corporal punishment to the children as she had previously done and that since the September hearing, defendant had violated this provision of the order. The trial court held defendant in civil and criminal contempt, ordered defendant to pay $1,200 in attorneys' fees to plaintiff's counsel and confined defendant to jail from 17 October 1997 until she purged herself of contempt. On 10 November 1997, the trial court found defendant had purged herself of contempt and ordered her release.

On 5 December 1997, defendant gave notice of appeal from the civil contempt order. The Court of Appeals entered an order on 17 March 1998 extending the defendant's time to serve her proposed record on appeal to 13 April 1998.

On 23 March 1998, the trial court held a hearing on the issues of child support, visitation and attorneys' fees and another in-chambers interview of the children was held. On 6 April 1998, the trial court entered an order requiring that defendant pay child support in the amount of $502 per month and pay $7,500 in attorneys' fees to plaintiff's counsel. In addition, the trial court ordered that defendant

COX v. COX

[133 N.C. App. 221 (1999)]

undergo counseling and as part of that treatment, ordered that visitation be supervised when defendant visited her children. On 17 April 1998, defendant gave notice of appeal from the 6 April order allowing temporary child support, attorneys' fees and suspending unsupervised visitation.

On 13 April 1998 when defendant served her record on appeal, she tried to include the 6 April 1998 order on attorneys' fees and child support. The trial court dismissed defendant's appeal relating to the 6 April order because the trial court held it was "temporary and therefore interlocutory and the matter could not be appealed." On 15 May 1998, the trial court held defendant in criminal and civil contempt for failing to pay the $7,500 in attorneys' fees awarded in the 6 April 1998 order. On 19 June 1998, defendant filed her third notice of appeal which appealed from the trial court's decision to dismiss her appeal of the 6 April 1998 order and from the trial court's second contempt order entered 15 May 1998. Defendant appeals.

*Daughtry, Woodard, Lawrence & Starling, L.L.P., by Stephen C. Woodard, Jr. and Reid, Lewis, Deese, Nance & Person, L.L.P., by Renny W. Deese, for plaintiff-appellee.*

*Staton, Perkinson, Doster, Post, Silverman, Adcock & Boone, P.A., by Jonathan Silverman and Michelle A. Cummins, for defendant-appellant.*

EAGLES, Chief Judge.

[1] First, we consider whether the trial court erred when it settled the record on appeal and prohibited defendant from assigning error to the 16 September 1997 temporary custody order. Defendant argues that this trial judge usually enters temporary child custody orders and rarely enters permanent orders, the purpose being to deprive the parties of timely appellate review. In any event, defendant appellant failed to give notice of appeal as to the 16 September 1997 child custody order. Pursuant to Rule 3 of the Rules of Appellate Procedure, the appellant must file a notice of appeal within the time period required under the rule. *See Currin-Dillehay Bldg. Supply v. Frazier,* 100 N.C. App. 188, 189, 394 S.E.2d 683 (1990), *appeal dismissed and disc. review denied,* 327 N.C. 633, 399 S.E.2d 326 (1990). Here, the appellant did not **at any time** give notice of appeal as to the 16 September 1997 child custody order. Accordingly, we need not address this issue. This assignment of error is overruled.

COX v. COX

[133 N.C. App. 221 (1999)]

[2] Next we consider whether the trial court erred and made it impossible for the defendant to purge herself of contempt under the 4 November 1997 civil contempt order. Defendant argues that the condition set out in the trial court's 4 November 1997 civil contempt order was so vague that it was impossible for defendant to purge herself of contempt. After careful review, we agree.

A court order holding a person in civil contempt must specify how the person may purge himself or herself of the contempt. G.S. § 5A-22(a); *Nohejl v. First Homes of Craven County, Inc.*, 120 N.C. App. 188, 191, 461 S.E.2d 10, 12 (1995). The purpose of civil contempt is not to punish but to coerce the defendant to comply with a court order. *Bethea v. McDonald*, 70 N.C. App. 566, 570, 320 S.E.2d 690, 693 (1984).

Defendant was held in civil and criminal contempt for violating the 16 September 1997 temporary child custody order. In the 4 November 1997 civil contempt order, one of the conditions listed that defendant must meet to purge herself of the contempt was that Ms. Cox

> shall not hereafter at any time place either of the minor children in a stressful situation or a situation detrimental to their welfare. Specifically, the defendant is ordered not to punish either of the minor children in any manner that is stressful, abusive, or detrimental to that child.

This condition does not clearly specify what the defendant can and cannot do to the minor children in order to purge herself of the civil contempt. Accordingly, the trial court committed reversible error and this civil contempt order is reversed.

Because we have reversed the trial court's 4 November 1997 civil contempt order because the vague condition made it impossible for defendant to purge herself of contempt, we need not addresses appellant's remaining assignments of error. However, in our discretion, we will review two additional issues.

[3] First, we consider whether the trial court erred in receiving testimony from the parties' children in-chambers and outside of defendant's presence at the 17 October 1997 contempt hearing. Defendant argues that the trial court erred by conducting a private examination of the children in-chambers over defendant's objection and without defendant's consent but with counsel for both parties present.

Defendant contends that her constitutional right to confront witnesses was violated. After careful review, we disagree.

In custody proceedings, the trial court may question a child in open court but the court may question the children privately only with the consent of the parties. *Raper v. Berrier*, 246 N.C. 193, 195, 97 S.E.2d 782, 784 (1957). In *Raper*, the Supreme Court held:

> While we recognize that in many instances it may be helpful for the court to talk to the child whose welfare is so vitally affected by the decision, yet the tradition of courts is that their hearings shall be open. . . .
>
> Without doubt, the court may question a child in open court in a custody proceeding but it can do so privately only by consent of the parties.

*Id.* In addition in *Raper*, counsel was not present when the children were questioned in-chambers.

Here, defense counsel objected and specifically suggested that the trial court hear the children in the courtroom and suggested that the trial court close the courtroom for their testimony. The trial court denied defendant's request and interviewed the children in his chambers; however, the parties' attorneys were present. Although the defendant objected to the in-chambers interview, defense counsel has failed to specify how his client was prejudiced as a result of the in-chambers interview. The lawyers' presence in-chambers eliminates any prejudice to defendant that might have occurred had defendant's attorneys not been present in the trial judge's chambers. The attorneys' presence adequately protects the parties' rights and interests. Accordingly, although it was error for the trial court to conduct an in-chambers interview of the children over the objection of defendant, the error was not prejudicial since the parties' attorneys were present during the interview. This assignment of error is overruled.

[4] Finally, we consider whether the trial court abused its discretion in awarding plaintiff attorneys' fees in the 17 October 1997 civil contempt order. Defendant argues that there is no disparity between the parties' financial resources and argues that the award of $1,200 in fees is unreasonable.

An award of attorneys' fees will be stricken only if the award constitutes an abuse of discretion. *Clark v. Clark*, 301 N.C. 123, 136, 271 S.E.2d 58, 67 (1980). Attorneys' fees can be properly awarded in custody, child support and alimony cases upon adequate findings of fact

COX v. COX

[133 N.C. App. 221 (1999)]

that the moving party acted in good faith and had insufficient means to defray the expense of the suit. G.S. § 50-13.6; see *Voshell v. Voshell,* 68 N.C. App. 733, 736-37, 315 S.E.2d 763, 765 (1984). Whether these statutory requirements are met is a question of law, reviewable on appeal. *Taylor v. Taylor,* 343 N.C. 50, 54, 468 S.E.2d 33, 35 (1996), *reh'g denied,* 343 N.C. 517, 472 S.E.2d 25 (1996).

Here the trial court concluded that plaintiff did not have sufficient assets with which to pay his attorneys' fees and that defendant did have the means to pay plaintiff's attorneys' fees. However, there were no findings about plaintiff's monthly income or expenses. *See re Baby Boy Scearce,* 81 N.C. App. 662, 663-64, 345 S.E.2d 411, 413 (1986), *disc. review denied,* 318 N.C. 415, 349 S.E.2d 590 (1986). In addition the court did not explicitly find that plaintiff acted in good faith when he instituted this action. *Id.* Accordingly, the trial court erred in awarding plaintiff attorneys' fees and this order must be reversed and the matter remanded to the trial court to make sufficient findings of fact consistent with this opinion.

In summary, as to COA98-769, we hold that the trial court's 4 November 1997 civil contempt order is fatally vague and the trial court erred in awarding attorneys' fees. Accordingly, the 4 November 1997 civil contempt order is reversed.

[5] We now turn to COA98-1165. Here the defendant appeals from an order determining temporary child support, attorneys' fees and visitation rights filed 6 April 1998 and an order filed 10 June 1998 dismissing her appeal from the 6 April 1998 order.

First, we consider whether the trial court abused its discretion in denying defendant visitation with her children in the 6 April 1998 child support, visitation and attorneys' fees hearing. Defendant argues that unsupervised visitation with her is in the best interest of the children. Defendant contends that the trial court's findings of fact numbers 13, 15, 17 and 19 are not supported by competent evidence. After careful review, we disagree.

The guiding principle in custody and visitation disputes is the child's best interest. *In re Jones,* 62 N.C. App. 103, 105, 302 S.E.2d 259, 260 (1983). A trial court is given broad discretion in determining the custodial setting that will advance the welfare and best interest of minor children. *In re Peal,* 305 N.C. 640, 645, 290 S.E.2d 664, 667 (1982). Our review of the trial court's custody order here is confined to whether the court abused its discretion. *Newsome v. Newsome,* 42

N.C. App. 416, 426, 256 S.E.2d 849, 855 (1979). Since the trial court had the opportunity to see the parties in person and to hear the witnesses and determine credibility, the trial court's decision should not be reversed absent an abuse of discretion. *Id.*

Here finding of fact number 13 states that

[w]ith consent of both parties and counsel, the court held an in camera interview with each of the minor children separately with counsel . . . present during each interview. Each child was happy, well mannered, and much improved over the emotional stage in which this court saw them during the September 5, 1997 hearing. Each child expressed no desire to visit or see their mother. . . .

Defendant contends that since there is no record of the private examination the court conducted with the minor children during the 23 March 1998 hearing, no competent evidence existed to support the finding. We disagree. When a court makes findings of fact based on information obtained as a result of a private examination of children conducted with the consent of the parties, a party cannot complain about what the court learned from speaking with the children. *Horton v. Horton,* 12 N.C. App. 526, 529, 183 S.E.2d 794, 796-97, *cert. denied,* 279 N.C. 727, 184 S.E.2d 884 (1971). Here, during the 23 March 1998 hearing, the trial court conducted an in-chambers interview with each of the minor children with the consent of both parties (unlike the 17 October 1997 in-chambers interview) and with the parties' counsel present during the in-chambers interview.

Further, the trial court's findings were based not only on evidence adduced at the 23 March 1998 hearing but also on evidence presented at the 5 September 1997 hearing. *See Raynor v. Odom,* 124 N.C. App. 724, 728, 478 S.E.2d 655, 657 (1996) (stating that "it is not improper for a trial court to take judicial notice of earlier proceedings in the same cause"). During the 5 September 1997 hearing, Linda Ingram, a therapist who evaluated the Cox family, reported that the children did not like their mother and that the children's feelings toward their mother were very negative. During the 23 March 1998 hearing, a report produced by Dr. Matthew Mendel, a child psychologist, also stated that the children "are not willing to participate in regular visitation with their mother."

**[6]** In addition, the defendant complains that findings of fact fifteen and seventeen which relate to future visitations are not supported by competent evidence. We disagree.

COX v. COX

[133 N.C. App. 221 (1999)]

Generally, findings of fact fifteen and seventeen state that unsupervised visitation with defendant is not in the best interest of the children and that visitation with defendant ought to be under the supervision of Dr. Mendel. Here, there was ample evidence to support the court's findings that supervision of defendant's visitation was essential to the best interests of the children. Reports from both Linda Ingram and Dr. Mendel support the trial court's findings. This assignment of error is overruled.

Defendant also argues that the evidence does not support finding of fact number nineteen and that finding nineteen was inappropriate in that the trial court was "abrogating its authority" to determine child custody and visitation rights to Dr. Mendel. We disagree.

Finding of fact nineteen states that

[i]t would be in the best interest of the parties and the minor children if, after continued therapy, a relationship of some degree could be established between the defendant and the minor children, although this court determines that Dr. Mendel may suspend or terminate counseling, treatment, and supervised visitation if he determines that the defendant is not progressing nor working openly and honestly toward improvement. This court should be notified of such termination of counseling.

However, conclusion of law number two states that temporary visitation should continue to be suspended but that with counseling and therapy, supervised visitation in Dr. Mendel's presence will be allowed.

It is in the best interest and materially promotes the best interest of each of the minor children that the defendant's temporary visitation continue to be suspended and that counseling and therapy be continued to allow supervised visitation between the defendant and the minor children in the presence of Dr. Matthew Mendel.

Finding of fact nineteen clearly provides that it is in the best interest of the children to establish a relationship with their mother. However, based on competent evidence, the court determined that visitation should be suspended and that through counseling and therapy, supervised visitation was appropriate. Accordingly, Dr. Mendel did not have the authority to end defendant's visitation rights but did have the authority to terminate defendant's counseling and treatment which included supervised visitation with the minor children. Dr. Mendel

## COX v. COX

[133 N.C. App. 221 (1999)]

was required to notify the trial court when he suspended his treatment of defendant. This assignment of error is overruled.

[7] Next we consider whether the trial court abused its discretion in awarding plaintiff attorneys' fees in the 6 April 1998 order. Defendant argues that there is no disparity between the parties' financial resources and the attorneys' fee award was excessive. After careful review, we disagree.

Generally, an award of attorneys' fees will be stricken if the award constitutes an abuse of discretion. *Clark v. Clark*, 301 N.C. 123, 136, 271 S.E.2d 58, 67 (1980). Attorneys' fees can be properly awarded in custody, child support and alimony cases upon adequate findings of fact that the moving party acted in good faith and had insufficient means to defray the expense of the suit. G.S. § 50-13.6; see *Voshell v. Voshell*, 68 N.C. App. 733, 736-37, 315 S.E.2d 763, 765 (1984). The trial court must also make specific findings of fact concerning the lawyer's skill, the lawyer's hourly rate and the nature and scope of the legal services rendered. *In re Baby Boy Scearce*, 81 N.C. App. 662, 663-64, 345 S.E.2d 411, 413 (1986), *disc. review denied*, 318 N.C. 415, 349 S.E.2d 590 (1986). Whether these statutory requirements are met is a question of law, reviewable on appeal. *Taylor v. Taylor*, 343 N.C. 50, 54, 468 S.E.2d 33, 35 (1996), *reh'g denied*, 343 N.C. 517, 472 S.E.2d 25 (1996). Disparity of financial resources and the relative estates of the parties is not a required consideration. *Id.* at 56, 468 S.E.2d at 37.

Here, the trial court made the necessary findings of fact. We hold there was sufficient evidence to support those findings. The trial court found and concluded that

[t]he plaintiff is an interested party acting in good faith who has insufficient means with which to defray the expense of this suit . . . The defendant has the means and ability with which to pay plaintiff's attorney's fees from her earnings and her estate.

The court also determined that

the plaintiff's attorney has expended at least 50 hours in this matter which should be reimbursed. Plaintiff's attorney is a Board Certified specialist in family law. He has more than 20 years of experience in family law matters. The rate of $150.00 per hour is a reasonable rate considering the charges by attorneys in the community and the several affidavits received without objection into evidence by this court.

Accordingly, the trial court's findings of fact supported its conclusions of law. The trial court did not abuse its discretion in awarding plaintiff attorneys' fees.

[8] Next we consider whether the trial court erred when it entered an order on 4 June 1998 dismissing defendant's appeal of the 6 April 1998 "temporary" order for child support, attorneys' fees and visitation. Defendant argues that the trial court erred by denying her appeal of the 6 April order because the trial court stated that defendant could not appeal from a "temporary" order. Defendant argues that she should not be denied appellate review because the trial court stated that an order was temporary even though in reality it was permanent. After careful review, we agree.

Ordinarily, "a temporary child custody order is interlocutory and 'does not affect any substantial right . . . which cannot be protected by timely appeal from the trial court's ultimate disposition of the entire controversy on the merits.' " *Berkman v. Berkman*, 106 N.C. App. 701, 702, 417 S.E.2d 831, 832 (1992) (quoting *Dunlap v. Dunlap*, 81 N.C. App. 675, 676, 344 S.E.2d 806, 807 (1986)). "An interlocutory order is one that does not determine the issues, but directs some further proceeding preliminary to a final decree." *Dunlap v. Dunlap*, 81 N.C. App. 675, 676, 344 S.E.2d 806, 807 (1986) (holding that an appeal is premature where the order provided for temporary custody pending a hearing date set five months later), *disc. review denied*, 318 N.C. 505, 349 S.E.2d 859 (1986).

Here, all issues were resolved when the 6 April 1998 order was entered. Issues of custody had been resolved as well as child support, visitation, and attorneys' fees. In addition, the trial judge stated that all his orders were temporary which in effect denies parties appellate review. The trial judge stated:

> Yes, I don't—I don't regard them as permanent. That's the reason I've—do I ever give anybody permanent custody? No. And so all my Orders are all temporary so they can be adjusted to meet the needs of the child.

The trial judge went on to say:

> We know that I know this, you know this, all my Orders are always temporary and I never enter any final Orders. I just don't do it. That's just—that's the way it is. Now, you have appealed from the Temporary Order. How can you do that? State law—State law says you can't do it.

A mere designation of an order as temporary by a trial court is not sufficient to make that order interlocutory and not appealable. A clear and specific reconvening time must be set out in the order and the time interval between the two hearings must be reasonably brief. See *Dunlap v. Dunlap*, 81 N.C. App. 675, 676, 344 S.E.2d 806, 807 (1986) (holding that an appeal is premature where the order provided for temporary custody pending a hearing date set five months later), *disc. review denied*, 318 N.C. 505, 349 S.E.2d 859, (1986). The trial court's refusal to enter a permanent order has deprived defendant of appellate review and the refusal was error.

**[9]** Next we consider whether the trial court erred when it held defendant in civil contempt on 15 May 1998 for defendant's failure to pay the $7,500 in attorneys' fees set out in the 6 April 1998 order. Defendant argues that she filed an undertaking pursuant to G.S. § 1-289 which stays the enforcement of the attorneys' fees award in the 6 April 1998 order.

G.S. § 1-289 states that

[i]f the appeal is from a judgment directing the payment of money, it does not stay the execution of the judgment unless a written undertaking is executed on the part of the appellant, by one or more sureties, to the effect that if the judgment appealed from, or any part thereof, is affirmed, or the appeal is dismissed, the appellant will pay the amount directed to be paid by the judgment. . . .

G.S. 1-289 applies to awards of attorneys' fees. *See Faught v. Faught*, 50 N.C. App. 635, 639, 274 S.E.2d 883, 886 (1981). Here, defendant did not have a written undertaking executed by a surety. Accordingly, the trial court did not err in holding defendant in civil contempt for not paying plaintiff's attorneys' fees as directed by the 6 April 1998 order.

**[10]** Finally we consider whether the trial court erred in awarding plaintiff attorneys' fees in the amount of $875 at the 15 May civil contempt hearing. Defendant argues that the award is not supported by the evidence and the award was excessive for the time spent by counsel. After careful review, we disagree.

As we stated earlier, an award of attorneys' fees will be stricken only if the award constitutes an abuse of discretion. *Clark v. Clark*, 301 N.C. 123, 136, 271 S.E.2d 58, 67 (1980). Attorneys' fees can be properly awarded in custody, child support and alimony cases upon adequate findings of fact that the moving party acted in good faith and had insufficient means to defray the expense of the suit. G.S.

§ 50-13.6; see *Voshell v. Voshell*, 68 N.C. App. 733, 736-37, 315 S.E.2d 763, 765 (1984). The trial court must also make specific findings of fact concerning the lawyer's skill, the lawyer's hourly rate and the nature and scope of the legal services rendered. *In re Baby Boy Scearce*, 81 N.C. App. 662, 663-64, 345 S.E.2d 411, 413 (1986), *disc. review denied*, 318 N.C. 415, 349 S.E.2d 590 (1986). Whether these statutory requirements are met is a question of law, reviewable on appeal. *Taylor v. Taylor*, 343 N.C. 50, 54, 468 S.E.2d 33, 35 (1996), *reh'g denied*, 343 N.C. 517, 472 S.E.2d 25 (1996).

Here the trial court found that:

Stephen C. Woodard, Jr. has rendered valuable legal services to the plaintiff in representing him in this hearing and plaintiff's counsel submitted affidavits evidencing that he had expended eight (8) hours of time in the preparation of pleadings and the hearing of this matter. Plaintiff's attorney is experienced in family law with some twenty years of experience. He is a board certified specialist in family law. The normal and reasonable value of legal services in this area for attorney of such experience and expertise is at least $175 per hour. The court determines that the services rendered to the plaintiff by his attorney have a reasonable value of at least $875.00 within the discretion of this court.

The trial court further found that

[t]he plaintiff does not have sufficient assets, nor means, with which to pay said attorney's fees and the defendant has sufficient income and assets to pay said amount.

The trial court made the appropriate findings and conclusions of law. Accordingly, the trial court did not err is awarding plaintiff attorneys' fees. This assignment of error is overruled.

In summary, as to COA98-769, we reverse the 4 November 1997 civil contempt order. As to COA98-1165 we affirm the trial court's 6 April 1998 decision to order supervised visitation, and award attorneys' fees and we affirm the trial court's 15 May 1998 civil contempt order; however, we hold that the trial court erred in dismissing defendant's appeal of the temporary child support, attorneys' fees and visitation order filed 6 April 1998.

Affirmed in part, reversed in part.

Judges JOHN and EDMUNDS concur.