GEER, Judge.
Defendant appeals from an order denying his motion for a temporary parenting arrangement ("TPA") hearing. The trial court denied defendant's motion because a TPA was already in place, and the trial court had ordered the parties to submit to a forensic custody evaluation. The trial court further found that a trial to determine a permanent custody arrangement would occur once a custody evaluation was completed. Because defendant appeals from an interlocutory order and has failed to show that the order affects a substantial right that will be lost absent an immediate appeal, we dismiss the appeal.
Facts
Defendant and plaintiff Katherine H. Denny were married on 6 August 1994. Two children were born of the marriage: a daughter born 13 February 2002, and a second daughter born 17 January 2005. The parties separated on 19 February 2012. That day, defendant attempted to commit suicide by taking a non-prescribed amount of medication.
On 21 February 2012, plaintiff filed a complaint for child custody and support, equitable distribution, attorneys' fees, and a motion for an ex parte emergency custody order and TPA. The trial court entered an order for ex parte emergency custody the same day, granting plaintiff the sole physical and legal custody of the children.
On 14 March 2012, plaintiff filed a Motion to Expedite Discovery, Motion to Compel the Production of Defendant/Father's Medical Records, and Motion for Comprehensive Psychological/Parental Fitness Evaluation of Defendant/Father. On 29 March 2012, the trial court entered an Order for Disclosure of Information pertaining to defendant's medical records.
After a hearing on 4 April 2012, the trial court entered a TPA order on 11 June 2012. The trial court found that defendant attempted to commit suicide on 19 February 2012 and that he "has a history of mental instability and difficulties." Additionally, the trial court made the following pertinent findings:
35. The Court has grave concerns about Defendant/Father's attempt to minimize his behavior and his refusal to take full responsibility for his actions.
36. Defendant/Father is not in a proper mental state to provide the proper care and maintenance of the minor children.
37. Defendant/Father is not a fit and proper person to have the temporary custody of or visitation with the minor children.
38. Plaintiff/Mother is a fit and proper person to have the temporary care, custody and control of the minor children.
39. Defendant/Father has raised concerns about the physical abuse of at least one of the parties' children.... The Court does not find that Plaintiff/Mother has physically abused [one of their daughters].
40. This case is based on the multiple decisions made by Defendant/Father, including the suicide attempt on February 19, 2012.
41. Plaintiff/Mother's Motion for an independent psychological/parental fitness evaluation of Defendant/Father should be held open.
The court concluded that it was in the best interests and welfare of the children to award plaintiff the temporary care, custody, and control of the children "pending further orders of the Court." The order, however, provided for defendant to have telephone conversations with the children as follows:
(a) Plaintiff/Mother is authorized to listen to all phone conversations and to end the telephone conversation immediately if Defendant/Father does not adhere to the guidelines of this Order.
(b) All calls shall be lighthearted (i.e. Defendant/Father should discuss topics such as the Easter bunny, school projects, bugs, butterfly etc.).
(c) Defendant/Father shall not tell the children he misses them.
(d) Defendant/Father may tell the children he loves them and is proud of them.
(e) The calls shall be each night from 8:00 p.m. to 8:15 p.m. Defendant/Father shall be responsible for ending the call promptly at 8:15 p.m.
Additionally, the trial court ordered defendant to follow all discharge recommendations of his mental healthcare providers and ordered that the children commence counseling with a therapist of plaintiff's choosing. It allowed the therapist to "address and inquire about the alleged abuse and bring that to the Court's attention if the therapist finds that to be an issue."
On 5 November 2012, in case file number 12 CVD 20256, plaintiff filed a complaint and motion for a Domestic Violence Protective Order ("DVPO"), alleging that on the morning of 2 November 2012, defendant sent plaintiff's brother-in-law a text message in which he stated, among other things, that plaintiff beat one of their daughters, that defendant has "immense anger and hatred towards [plaintiff]," and that plaintiff should stop what she is doing because defendant is "in fear [defendant's father is] going to kill [plaintiff]." Plaintiff additionally alleged in the complaint that on the evening of 2 November 2012, defendant
charged through my parent's front door. I was sitting on the bar stool at the kitchen counter. [Defendant] grabbed me by my head and threw me to the ground. Then he started hitting me and bashing my head into the floor. I was screaming for my mom to call 911. My dad and my daughters ran inside and witnessed [defendant] attacking me. My daughter screamed at [defendant], and my dad pulled him off of me and took him outside.... [Defendant] was arrested and charged with assault on a female, breaking and entering and secondary trespassing.... I am terrified for my safety and the safety of our children. I honestly believe [defendant] would have killed me if my father had not been there to stop him.
After an ex parte DVPO hearing was held on 5 November 2012, the trial court entered a consent DVPO on 19 November 2012. The order concluded that defendant committed an act of domestic violence against plaintiff on 2 November 2012, and that there is a danger of serious and immediate injury to plaintiff. The order prohibited defendant from seeing plaintiff or his children. It also provided that defendant "shall be entitled to speak to the minor children for 15 minutes on Tuesday, Thursday and Saturday. The calls shall be initiated by [plaintiff]."
On 19 December 2012, the trial court entered an order pertaining to several motions that were heard on 21 September 2012. The order granted plaintiff's motion for child support, defendant's father's motion to intervene, plaintiff's motion for a comprehensive psychological/parental fitness evaluation of defendant, and defendant's motion for a psychological evaluation of the children and plaintiff.
The trial court appointed Dr. Karen K. Shelton to perform a forensic evaluation of the parties and a child custody evaluation. The trial court required defendant to pay Dr. Shelton's initial retainer fee of $5,000.00, but further provided that "[t]he costs related to Dr. Shelton may be redistributed at a later date." The trial court denied all other motions heard on that day, including plaintiff's motion for an interim distribution, plaintiff's motion to suspend defendant's visitation, plaintiff's motion to dismiss and motion for sanctions (regarding defendant's father's motion to intervene), and defendant's motion to appoint the Counsel for Children's Rights.
On 2 April 2013, defendant filed a Motion for Temporary Parenting Arrangement, which the trial court denied in an order entered 19 April 2013. The trial court found:
[1.] Court has previously entered a TPA Order on June 11, 2012.
[2.] Court has previously entered an order directing Dr. Karen Shelton to perform a forensic custody evaluation.
[3.] This Matter was scheduled for a Permanent Custody Trial on 1-29-2013 thru 1-30-2013, but Defendant/Father filed a Motion to Continue the Custody trial, because Father stated the Forensic custody evaluation was not complete.
[4.] Additionally, both Mother and Father [entered] into a "Consent Domestic Violence Order" on Nov. 19 2012 which is valid and in force through Nov 19, 2013 which provides for temporary custody to Mother and Father to have phone contact with children 3 x per week.
[5.] This court has provided for Dr. Shelton to perform this evaluation in order to assist the court in determining what is in the children's best interest. Father has not followed this Court's orders in that he has not participated in the Forensic custody evaluation.
On 20 November 2013, the trial court entered an order renewing the DVPO based upon a finding that "[t]he plaintiff continues to be in fear of Defendant based upon his continued erratic behavior and anger at Plaintiff. Plaintiff is in fear of further assaultive behavior by Defendant." It ordered that the provisions of the 19 November 2012 consent DVPO continue in effect until 31 December 2014. Defendant filed a Motion for New Temporary Parenting Arrangement or to Modify Temporary Parenting Order on 27 November 2013.
On 9 January 2014, the trial court entered an order denying defendant's motion because "[t]he Court has already entered a temporary custody order. The permanent trial will be held once the custody evaluation (previously ordered) is complete." Defendant appealed the 9 January 2014 order to this Court.
Discussion
As an initial matter, we must determine whether this Court has jurisdiction to hear this appeal. "An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." Veazey v. City of Durham,231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950). In this case, the order from which defendant appealed denied defendant's motion for a TPA because one had already been entered and the trial court would not determine a permanent custody arrangement until after the custody evaluation was completed. Thus, the order did not dispose of the custody issue and anticipated further action for the trial court. Therefore, it is an interlocutory order.
Generally, "there is no right of immediate appeal from interlocutory orders and judgments." Goldston v. Am. Motors Corp. .,326 N.C. 723, 725, 392 S.E.2d 735, 736 (1990). There are two circumstances, however, in which a party may immediately appeal from an interlocutory order. Id.An appeal from an interlocutory order is permissible only if: (1) the trial court has entered a certification pursuant to Rule 54(b) of the Rules of Civil Procedure, or (2) the order affects a substantial right that cannot be preserved in the absence of an immediate appeal. Embler v. Embler,143 N.C.App. 162, 164-65, 545 S.E.2d 259, 261 (2001).
Since there was no Rule 54(b) certification by the trial judge, defendant is entitled to appeal only upon a showing of a substantial right. This exception applies only if "the challenged order affects a substantial right that may be lost without immediate review." McConnell v. McConnell,151 N.C.App. 622, 624, 566 S.E.2d 801, 803 (2002).
Defendant contends that he has appealed the interlocutory orders entered on 11 June 2012, 19 April 2013, and 9 January 2014, (collectively referred to by defendant as the "TPA Orders") and then argues that these orders deny defendant his constitutional right to a parental relationship with his children. Defendant points to Cox v. Cox,133 N.C.App. 221, 233, 515 S.E.2d 61, 69 (1999), which held that:
A mere designation of an order as temporary by a trial court is not sufficient to make that order interlocutory and not appealable. A clear and specific reconvening time must be set out in the order and the time interval between the two hearings must be reasonably brief.
Defendant contends that because the TPA Orders did not set out any " 'clear and specific reconvening time' " and because there was no deadline set for a subsequent hearing, the orders became permanent and immediately appealable. (Quoting Cox,133 N.C.App. at 233, 515 S.E.2d at 69 ).
Even assuming, without deciding, that the original TPA order entered on 11 June 2012, could no longer be considered "temporary," defendant has not appealed from that order. Proper notice of appeal requires that a party "shall designate the judgment or order from which appeal is taken[.]" N.C.R.App. P. 3(d). " 'Without proper notice of appeal, this Court acquires no jurisdiction.' " Von Ramm v. Von Ramm,99 N.C.App. 153, 156, 392 S.E.2d 422, 424 (1990) (quoting Brooks v. Gooden,69 N.C.App. 701, 707, 318 S.E.2d 348, 352 (1984) ). See id.at 157, 392 S.E.2d 422, 392 S.E.2d at 425 (holding this Court lacked jurisdiction over orders not specified in notice of appeal and where the reader could not infer from the notice that the appellant intended to also appeal underlying order).
However, contrary to defendant's contention, as in Von Ramm,defendant only specified one order in his notice of appeal: the 9 January 2014 order denying defendant's motion for a TPA hearing. There is nothing in defendant's notice of appeal from which a reader could infer that defendant intended to appeal the 11 June 2012 and 19 April 2013 orders as well. Accordingly, we hold that this Court does not have jurisdiction to review those orders.
Defendant has not made any argument as to how the 9 January 2014 order affects a substantial right that would be lost absent immediate appeal. The effect of the 9 January 2014 order is to delay modification of custody until after the custody evaluation is completed, as previously ordered by the court. Appealing the order to this Court only further delays the trial to determine a permanent custody arrangement. Because defendant has offered no basis upon which immediate review of the 9 January 2014 order is warranted, we dismiss the appeal.
Defendant requests in the alternative that this Court "treat the appeal as a petition for certiorari and grant review." Defendant cites Jerson v. Jerson,68 N.C.App. 738, 740, 315 S.E.2d 522, 523 (1984), in which this Court treated the notice of appeal as a petition for certiorari "in order to clarify our position on the exercise of jurisdiction in child custody cases." In that case, this Court addressed the jurisdiction of the trial court in child custody cases involving an out-of-state parent. Defendant asserts that this appeal "raises an important issue as to whether the District Court may avoid appeal of its custody orders for two years by labeling all its custody and visitation orders as 'temporary' until a parent proves his good mental health by hiring a second medical expert to evaluate his medical condition[.]"
However, the record reveals that defendant has contributed to the delay in the entry of a permanent custody order by failing to comply with court orders regarding the forensic evaluation. Further, at a hearing on 24 March 2014, the trial court and plaintiff expressed a willingness to go ahead with a trial on custody without a custody evaluation, but defendant insisted that a custody evaluation be done-a position contrary to his contentions on appeal to this Court. Under these circumstances, we decline to exercise our discretion to review defendant's appeal pursuant to Rule 21 of the Rules of Appellate Procedure and dismiss the appeal.
DISMISSED.
Judges STEPHENS and DILLON concur.
Report per Rule 30(e).
Opinion
Appeal by defendant Mark S. Denny from order entered 9 January 2014 by Judge Christy T. Mann in Mecklenburg County District Court. Heard in the Court of Appeals 8 January 2015.