An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA15-136

Filed: 20 October 2015

Union County, No. 13-CVD-633

NING GAO, Plaintiff,

v.

KAPIL JAIN, Defendant.

Appeal by defendant from order entered 24 March 2014 by Judge Joseph J. Williams in Union County District Court. Heard in the Court of Appeals 11 August 2015.

> *Arnold & Smith, PLLC, by Kyle A. Frost and Matthew R. Arnold for the plaintiff-appellee.*

> *Krusch & Sellers, P.A., by Rebecca K. Watts and Epperson Law, PLLC, by James L. Epperson for the defendant-appellant.*

DIETZ, Judge.

Defendant Kapil Jain appeals from the trial court's order holding him in civil contempt of a child custody order. Jain argues that the contempt order is not supported by the court's findings of fact and that the findings of fact are unsupported by the record. Jain also contends that the purge conditions in the order are impermissibly vague.

For the reasons discussed below, we hold that the trial court's findings are supported by competent evidence and those findings, in turn, support the trial court's conclusions of law. But we agree with Jain that the purge conditions in the contempt order are impermissibly vague. Accordingly, we vacate the order and remand to the trial court for further proceedings.

**Facts and Procedural History**

Plaintiff Ning Gao and Defendant Kapil Jain, then residents of New York, married on 2 March 2010 and had one son. The parties separated soon after their son was born. On 1 March 2012, they entered into a Child Custody, Visitation, Support and Financial Settlement Agreement in New York. A New York court later entered judgment converting the agreement to an enforceable custody order.

Around the time the New York court entered the custody order, Jain accepted a job in North Carolina. The custody order granted Jain custody of the couple's son and permitted him to move anywhere within 700 miles of the New York City area. Jain then moved to Charlotte with his son.

The custody order also granted visitation rights to Gao every other weekend. The location of the visitations alternated: Gao was to visit the child in North Carolina for one visitation and then for the next visitation Jain was responsible for bringing the child to New York to see Gao.

In January 2014, Gao obtained a show cause order based on two alleged violations of the custody order. First, Gao alleged that she had not had any visitations with her son for more than a year and Jain refused to respond to her attempts to coordinate visitations. Second, Gao alleged that Jain took a job at a university in California, traveling there with his son for an extended period of time. Gao argued that this violated the provision in the custody order requiring Jain not to relocate more than 700 miles from New York City.

On 24 March 2014, following a hearing, the trial court entered an order holding Jain in civil contempt and awarding attorneys' fees to Gao. Jain timely appealed.

**Analysis**

**I.     Findings Supporting Contempt**

The trial court held Jain in civil contempt on two grounds: (1) willful refusal to allow Gao visitation and (2) willful relocation with the child to a location more than 700 miles from New York City. Jain argues that the record does not support the trial court's findings and that those findings do not support its conclusion to hold Jain in civil contempt on either ground. We disagree.

This Court reviews a civil contempt order to determine whether there is competent evidence to support the findings of fact and whether the findings support the conclusions of law. *Hartsell v. Hartsell*, 99 N.C. App. 380, 385, 393 S.E.2d 570, 573 (1990), *aff'd per curiam*, 328 N.C. 729, 403 S.E.2d 307 (1991).

Here, the trial court's conclusions of law concerning contempt are supported by its findings. With regard to the visitation requirements, the court found the following: (1) that under the custody order it was Jain's "responsibility to make the child available [every other visitation weekend] in New York"; (2) that Gao "last visited with the minor child January 25-January 27, 2013," which was more than a year before the contempt hearing; (3) that Gao "attempted on many occasions to communicate with [Jain] and he made no response to her emails" and that Jain also "refused to provide [Gao] with a contact phone number"; and (4) that Jain's "refusal to allow the mother to have visitation is willful."

Similarly, with regard to Jain's alleged relocation to California, the trial court found the following: (1) the custody order "contains a relocation provision whereupon the father agreed not to relocate the child beyond the seven hundred (700) mile radius from the New York City borough of Manhattan without Court permission or [Gao's] written consent; (2) that Jain "did relocate the child to California when he took a teaching job for the spring semester of 2014. He did so without the mother's written consent or without the permission of the Court"; and (3) "[t]he removal of the child from the state of North Carolina to the state of California without the Court's permission or without the mother's written permission is a willful action by the father."

These findings are sufficient to support the trial court's conclusions of law. The findings establish that Jain was required to take the child to New York at least every fourth weekend, that he did not do so, and that his refusal to do so was willful. Likewise, the findings establish that Jain was not permitted to relocate the child more than 700 miles from New York City, that he relocated to California, and that he did so willfully. Thus, Jain has not shown that the trial court's conclusion of contempt on either ground is unsupported by the court's findings.

We likewise hold that the relevant findings of fact are supported by competent evidence in the record. Gao presented evidence that she repeatedly emailed and called Jain seeking to arrange visitations but those visitations did not occur. Jain also testified that he knew about the emails but did not respond to them. Jain explained that he thought a babysitter or other third party would coordinate the visitations, but he offered no evidence that he took steps to ensure that this third party did so. Jain also responded that nothing prevented him from taking the child to New York for visitations except "potential financial factors" on which he did not elaborate. Finally, Jain acknowledged that he moved to California after obtaining a teaching position there and, although he testified that he maintained a residence in North Carolina and intended to return, he conceded that "[c]urrently, I live in Stanford, California." This evidence supports the trial court's findings discussed above.

Jain points to a series of other findings in the trial court's order that are conflicting or not supported by the record. But it is well-settled that if the trial court's conclusions of law are supported by ultimate findings, which in turn are supported by the record, this Court need not address other challenged findings in the trial court's order. *See, e.g., In re T.M.*, 180 N.C. App. 539, 547, 638 S.E.2d 236, 240 (2006) ("[W]e agree that some of [the challenged findings] are not supported by evidence in the record. When, however, ample other findings of fact support [the conclusions of law], erroneous findings unnecessary to the determination do not constitute reversible error."); *In re A.L.T.*, ___ N.C. App. ___, 774 S.E.2d 316, 319 (2015) (quoting *In re T.M.*, 180 N.C. App. 539, 547, 638 S.E.2d 236, 240 (2006)) ("[W]e do not address all of these challenged findings of fact because they are unnecessary to support the ultimate conclusions, and any error in them would not constitute reversible error.").

Here, for the reasons discussed above, the trial court's ultimate findings of fact—that Jain willfully refused to comply with the visitation requirements and relocation restrictions in the custody order—are supported by competent evidence in the record. As a result, we must affirm the trial court's conclusion holding Jain in civil contempt.

## II. Purge Conditions in the Contempt Order

Jain next argues that the purge conditions in the contempt order are improper. Specifically, Jain contends that the purge conditions are impermissibly vague and

improperly modified the terms of the New York custody order. We agree and therefore vacate the contempt order and remand for further proceedings.

A contempt order "must specify how the person may purge himself of the contempt." N.C. Gen. Stat. § 5A-22(a). The purge conditions must "clearly specify what the defendant can and cannot do . . . in order to purge herself of the civil contempt." *Cox v. Cox*, 133 N.C. App. 221, 226, 515 S.E.2d 61, 65 (1999).

The trial court's custody order sets out three purge conditions:

> 1. The Defendant may purge himself of the civil contempt by making up visitations during the summer of 2014.
>
> 2. The Plaintiff shall have the child beginning June 1, 2014 for a period of sixty (60) days consecutively. The Defendant is to make the child available in North Carolina at that time to visit with the Plaintiff. The Plaintiff may exercise her visitations with the minor child in New York or North Carolina.
>
> 3. Mr. Jain is not to remove the child from the state of North Carolina in the future without permission of the Court or written permission from Ms. Gao.

With regard to the first purge condition, the order does not specify how many visitations Jain must make up. Moreover, the court's findings do not permit Jain to calculate how many visitations were missed—those findings indicate that at least some of the missed visitations stemmed from Gao's need to reschedule or cancel them, and thus would not be part of Jain's make-up requirement.

Gao argues that the first and second purge conditions are actually the same condition, and that the second condition simply establishes that Jain may make up the missed visitations through the sixty-day period of consecutive visitations described in the second purge condition. The flaw in this argument is that, although that is one possible interpretation of the order, it certainly is not the *only* reasonable interpretation. Indeed, that interpretation renders the first condition wholly redundant and thus is probably *less* reasonable than assuming the two conditions are distinct. Notably, the second condition does not state that the 60-day summer visitation would satisfy the obligation to make up missed visitations set out in the first condition. Accordingly, this portion of the contempt order "does not clearly specify what the defendant can and cannot do . . . in order to purge [himself] of the civil contempt." *Cox*, 133 N.C. App. at 226, 515 S.E.2d at 65; *see also Watson v. Watson,* 187 N.C. App. 55, 65, 652 S.E.2d 310, 317 (2007).

With regard to the third purge condition, we likewise find error. That condition states that Jain "is not to remove the child from the state of North Carolina in the future without permission of the Court or written permission from Ms. Gao." Again, this condition could be interpreted simply to mean that Jain must comply with the custody order's requirement that he not relocate with the child beyond 700 miles of New York City. But a more reasonable interpretation is that it prohibits Jain from relocating out of *North Carolina*—even if he is relocating to another location within

700 miles of New York City in compliance with the New York custody order.  Thus, this purge condition also is impermissibly vague.  *See Cox*, 133 N.C. App. at 226, 515 S.E.2d at 65.  We therefore vacate the contempt order and remand for further proceedings in the trial court.

Because we vacate the contempt order on these grounds, we need not address Jain's argument that the attorneys' fees award lacked appropriate findings.  Those issues can be addressed by the trial court, if necessary, on remand.

## Conclusion

The trial court's contempt order is vacated and this case is remanded for further proceedings.

VACATED AND REMANDED.

Judges BRYANT and STEPHENS concur.

Report per Rule 30(e).