BONNIE SANDIFER COOK v. CLIFTON CALVIN COOK

No. 697DC373

(Filed 13 August 1969)

1. **Constitutional Law § 24— due process — right of litigants — right to hear evidence**

   In a court proceeding all parties are entitled to be present at all of its stages so that they may hear the evidence and have an opportunity to refute it. N. C. Constitution, Art. I, § 35.

2. **Constitutional Law § 24;   Infants § 9— custody proceeding — examination of child in chambers — absence of parties — due process**

   In a proceeding for the custody of a minor child, trial court committed reversible error in privately questioning the child in chambers in the absence of the parties but in the presence of counsel, despite plaintiff's objection thereto and her specific request that child's testimony be taken in the presence of the parties.

APPEAL by plaintiff from *Neville, J.,* 26 February 1969 Session, WILSON District Court.

This action involves a custody dispute between divorced parents. Pursuant to Rule 19(e), Rules of Practice in the Court of Appeals of North Carolina, the parties have prepared and submitted in lieu of the Record on Appeal an agreed statement of the case in pertinent part as follows:

> "Upon the opening of the hearing, William L. Stagg, attorney for the father, Appellee herein, indicated to the Court that he wished the Court to hear the testimony of the six-year old child

whose custody was at issue and suggested to the Court that this should probably be done in chambers in the absence of the parties. William H. Holdford, counsel for the mother of the child, the Appellant herein, objected to the Court hearing any testimony from the child on the ground that the child was incompetent as a witness by reason of his tender years and lack of understanding. When the Court indicated that it intended to hear testimony from the child, counsel for Bonnie Sandifer Cook (Ellis) stated to the Court that any testimony taken from the child should be taken in open court in the presence of the parties. When the Court indicated that it was not going to require the testimony to be given in open court but was going to hear the child in chambers in the absence of the parties but in the presence of counsel for the parties, counsel for the plaintiff objected to any testimony being taken from the child out of the presence of the parties. The Court in chambers, did question the child over plaintiff's counsel's objection and out of the presence of the parties. The child testified that he had been beaten by Sam Ellis, plaintiff's second husband. The Court conducted the entire examination of the minor child.

"One of the contentions of the defendant in his motion in the cause for custody was that plaintiff and her husband, Sam Ellis, had physically abused David Christopher Cook, the child whose custody was at issue, to the extent that he bore scratches and welts upon his body from being beaten by either the plaintiff or by her second husband, Sam Ellis. Before the Court heard testimony from the child over objections out of the presence of the parties, the plaintiff had testified in open court that neither she nor her husband, Sam Ellis, had ever beaten the child. In his final argument, counsel for the defendant stated to the court that it had heard something in direct conflict with plaintiff's testimony to that effect. Custody of the child was awarded to the defendant. Plaintiff filed timely appeal to the Court of Appeals."

*Narron & Holdford, by William H. Holdford, for plaintiff appellant.*

*Stagg and Reynolds, by William L. Stagg, for defendant appellee.*

BROCK, J.

[1, 2]   Plaintiff argues convincingly that the trial court committed reversible error in privately questioning the minor child over plain-

tiff's objection and despite a specific request from plaintiff that any testimony taken from the child be taken in the presence of the parties. In a court proceeding all parties are entitled to be present at all of its stages so that they may hear the evidence and have an opportunity to refute it. N.C. Const. Art. I, § 35. Our Supreme Court has upheld this constitutional right in a custody proceeding. See *Raper v. Berrier*, 246 N.C. 193, 97 S.E. 2d 782, where the trial court, over objection, in the absence of counsel and the parties, conferred privately with the minor child. Reversing the award of custody because the trial judge interviewed the child in private without consent of the parties, the Court stated: "While we recognize that in many instances it may be helpful for the court to talk to the child whose welfare is so vitally affected by the decision, yet the tradition of our courts is that their hearings shall be open. Without doubt the court may question a child in open court in a custody proceeding but it can do so privately only by consent of the parties." *Raper v. Berrier, supra,* p. 195.

It may be that the custody issue was resolved so as to reach a correct and proper result; nevertheless procedural safeguards must be adhered to in our courts. For the reason indicated, the judgment of the trial court is vacated and the cause is remanded for a new trial.

Reversed and remanded.

CAMPBELL and MORRIS, JJ., concur.