PEGGY M. HORTON v. ROBERT BRODIE HORTON

No. 7115DC522

(Filed 20 October 1971)

1. **Infants § 9; Divorce and Alimony § 24— mother's petition for visitation rights with daughter — denial of petition — sufficiency of findings**

    In a 1971 hearing on a motion by a divorced mother, who resides in Florida, to be granted visitation rights with her daughter, who lives in North Carolina with the father, and to be purged of contempt of court for having taken the daughter to Florida in 1964 in violation of a court order, the trial judge, in his order denying the mother's motion, properly found that "since 1964 the mother has made no effort to visit or see her child in accordance with the visitation rights set forth" in the court order, notwithstanding the mother's testimony that (1) fear of contempt proceedings arising out of her violation of the court order inhibited her from exercising her visitation rights; (2) she wrote the daughter several times and tried unsuccessfully to contact her by telephone; and (3) she employed an attorney to look into the matter in 1965 or 1967.

2. **Infants § 9; Divorce and Alimony § 24— proceeding to establish visitation rights — private examination of the child — consent by mother**

    A mother who consented to the private examination of her daughter by the trial judge in a proceeding to establish visitation rights may not complain on appeal that the examination was made in the absence of the parties and their attorneys.

Horton v. Horton

3. **Appeal and Error §§ 2, 57— jurisdiction of Court of Appeals — findings of fact of trial court — scope of review**

   The Court of Appeals had no jurisdiction to make findings of fact in an appeal from a proceeding for child custody and visitation rights, and the trial court's own findings in the proceeding were conclusive on appeal. G.S. 7A-26.

4. **Infants § 9— awarding of exclusive child custody to the father — denial of visitation rights to the mother — findings of fact**

   A 1971 judgment awarding exclusive custody of a daughter to the divorced father and denying the mother any visitation rights with the daughter *is held* supported by findings that (1) the mother had made no effort to see or visit with her daughter since a court order awarded her visitation rights in 1964 and (2) the mother was in contempt of court when she carried her daughter out of the State in 1964 in violation of the 1964 order.

APPEAL by plaintiff from order of *Horton, Chief District Judge,* entered 22 February 1971 in the District Court held in ORANGE County.

Plaintiff and defendant were formerly married and had one child, Sherrie Lynn Horton, born 22 August 1959. In 1963 they separated and plaintiff brought this action in the Superior Court of Orange County seeking custody of the child, alimony, and child support. Defendant denied material allegations in the complaint and alleged that plaintiff had willfully abandoned him. On 18 February 1964 Judge Leo Carr, after hearing, entered an order awarding custody of the child to defendant-father and granting plaintiff-mother visitation rights. In violation of this order, plaintiff-mother took the child with her to Florida, and on 2 March 1964 Judge James F. Latham ordered a *capias* issued for plaintiff and that she be required to show cause why she should not be punished for contempt. Shortly thereafter, defendant-father followed plaintiff-mother to Florida, found his daughter, and brought her back to North Carolina, where she has continued to reside in his custody. Plaintiff remained in Florida where, on 1 September 1965, she obtained an absolute divorce from defendant. On 25 September 1965 plaintiff married George Allen Wolsfelt, with whom she has since resided in Florida.

On 8 December 1970 plaintiff filed a motion in the cause, praying that the court find she had purged herself of any contempt, that the court determine whether under present circumstances the best interests of Sherrie Lynn Horton are served

by continuation of custody in defendant, and that, if custody be continued in defendant, plaintiff be granted visitation rights and be permitted to exercise the same within and without North Carolina. In support of her motion plaintiff alleged that she had not seen or visited Sherrie since the child was returned to defendant's custody in 1964; that during plaintiff's residence in Florida she had led an exemplary life and been active in numerous civic affairs; and that since her marriage to Mr. Wolsfelt, she had been an exemplary homemaker, wife, and mother to the child born of her marriage to Mr. Wolsfelt.

The cause was transferred to the District Court and was heard before Chief District Judge Harry Horton, presiding at a session of District Court held in Orange County on 7 January 1971. The parties were present in person and were represented by counsel, and the child, Sherrie Lynn Horton, was also present. At the conclusion of the hearing, at which both parties presented evidence, the parties agreed that judgment might be rendered out of session. On 22 February 1971 the court rendered judgment making findings of fact, awarding exclusive custody to defendant-father, denying plaintiff-mother any visitation rights, and adjudging plaintiff in contempt of court by reason of violating the order of Judge Carr dated 18 February 1964. Plaintiff appealed.

*Hoyle, Hoyle & Boone by E. E. Boone, Jr., and Timothy G. Warner for plaintiff appellant.*

*Robert L. Satterfield and Charles B. Hodson for defendant appellee.*

PARKER, Judge.

[1] Appellant contends that the court erred in finding as a fact that "since 1964 the plaintiff has made no effort to visit or see her minor child in accordance with the visitation rights set forth in the Order of the Honorable Leo Carr, dated February 18, 1964." This finding was fully supported by competent evidence. Plaintiff's testimony that fear of contempt or possible criminal proceedings against her inhibited exercise of her visitation rights may explain, but does not negate, the finding to which she now excepts. Nor is the finding inconsistent with her testimony that she wrote to her daughter "several times" and tried, but failed, to contact her by telephone; that she con-

sulted an attorney in Florida; and that she employed an attorney in North Carolina who "looked into this matter for me in 1965 or 1967." In any event, inconsistencies in the evidence, if any, were for the trial court to resolve; its findings of fact based on competent evidence are conclusive on this appeal. *Thomas v. Thomas,* 259 N.C. 461, 130 S.E. 2d 871.

[2] Appellant excepts to certain of the court's findings of fact which were made on the basis of information obtained as result of a private examination of the child made by the trial judge in the absence of the parties and their attorneys. Had this been done without consent, it would have been error. *Raper v. Berrier,* 246 N.C. 193, 97 S.E. 2d 782. However, the court's order finds as a fact, and on this appeal counsel for appellant admit, that the examination was made with consent of the parties and their attorneys. Having given consent to the court's action at the trial, appellant may not be heard to complain concerning it on this appeal.

[3] Attached to the record on appeal is an affidavit of one of the attorneys who represented plaintiff at the trial. From the argument contained in their brief, it would appear that appellant's counsel desire this Court to make a factual finding from this affidavit to the effect that the trial judge had had additional interviews with the minor child, to which appellant had not consented, and that pending his decision he had "discussed the matter" with the court investigator. From their argument, appellant's counsel apparently desire us to make the additional factual finding, or to draw the inference, that the trial judge's findings of fact were based at least in part on information obtained by him in a manner which violated appellant's rights, citing *In re Custody of Gupton,* 238 N.C. 303, 77 S.E. 2d 716. However, the Court of Appeals has jurisdiction to review upon appeal the decisions of the several courts of the General Court of Justice, "upon matters of law or legal inference," G.S. 7A-26, and it is not the function of this Court to make findings of fact. Therefore, we cannot make the factual findings concerning the actions of the trial judge for which appellant's counsel now contend. Evidence properly in the record fully supports the findings of fact which the trial court made, and the record itself does not disclose that these findings were based even in part on information obtained by the trial judge in a manner

violative of plaintiff's rights. The trial court's findings are conclusive on this appeal.

[4] "Courts are generally reluctant to deny all visitation rights to the divorced parent of a child of tender age, but it is generally agreed that visitation rights should not be permitted to jeopardize a child's welfare." *Swicegood v. Swicegood,* 270 N.C. 278, 154 S.E. 2d 324. This Court has held that a parent's right of visitation should not be denied "unless the parent has by conduct forfeited the right or unless the exercise of the right would be detrimental to the best interest and welfare of the child." *In re Custody of Stancil,* 10 N.C. App. 545, 179 S.E. 2d 844. In the case now before us, the trial judge has found on competent evidence that appellant was in contempt of court by reason of violating the order of 18 February 1964, in which she had been granted visitation rights. He has also found it to be for the best interest and general welfare of the child, that defendant be awarded exclusive custody. These findings are adequate to support the judgment.

Affirmed.

Judges BRITT and MORRIS concur.