GEORGE E. SMITH, JR. v. DOROTHY PATRICIA SMITH RHODES

No. 7228DC718

(Filed 22 November 1972)

Infants § 9— custody proceeding — private examination of child without consent of parties — error

    While the trial judge may question a child in open court in a custody proceeding, he cannot do so privately except by consent of the parties; therefore, the trial court erred in its finding that the children involved in this custody proceeding desired to live with their mother, the defendant, where such finding was based on a private examination of one of the children conducted over plaintiff father's objection and out of the presence of plaintiff and his counsel.

APPEAL by plaintiff from *Winner, District Judge,* 17 July 1972 Session of District Court held in BUNCOMBE County.

Judgment was entered in this cause on 4 June 1970 granting plaintiff an absolute divorce from defendant and awarding

to plaintiff the custody of two minor children born of the marriage of the parties. Defendant was allowed privileges of visitation. The parties and their attorneys consented to the provisions in the judgment relating to custody and visitation. On 15 September 1970 defendant filed a motion seeking to have the judgment modified and full and complete custody of the children awarded to her. In an order of 11 November 1970 the court found that defendant had failed to show sufficient change of conditions to require a modification of custody and continued custody in plaintiff. On 26 April 1971 defendant again moved for full custody of the children. This motion resulted in a consent judgment, entered 7 June 1971, in which plaintiff was permitted to retain the general custody and defendant was permitted more liberal visitation privileges. On 9 May 1972 defendant filed a third motion seeking full custody.

At the conclusion of a hearing on the last motion filed, the court entered an order finding, among other things, that both parties are fit and proper persons to have custody of their children but that the best interests of the children will be served by granting their general custody to defendant and rights of visitation to plaintiff. Custody was awarded defendant in accordance with this finding and plaintiff appeals.

*Riddle and Shackelford by Robert E. Riddle for plaintiff appellant.*

*Robert S. Swain by Joel B. Stevenson for defendant appellee.*

GRAHAM, Judge.

One of the findings of fact relied upon by the trial court to support a change in custody is "[t]hat the two minor children . . . now desire to live and reside with their mother, the defendant, and to visit with their father, the plaintiff, during vacation times." There is no evidence in the record to support this finding. Apparently it is based on information obtained during a private conversation which the trial judge had with one of the children, over plaintiff's objection, and out of the presence of plaintiff and his counsel. Plaintiff's first assignment of error encompasses exceptions to the court's private examination of the child and to the finding of fact apparently arising therefrom. The assignment of error must be sustained.

All parties in a court proceeding have a constitutional right to be present at all of its stages so that they may hear the evidence and have an opportunity to refute it. Consequently, while the trial judge may question a child in open court in a custody proceeding, he cannot do so privately except by the consent of the parties. *Raper v. Berrier*, 246 N.C. 193, 97 S.E. 2d 782. In accord: *Shepherd v. Shepherd*, 273 N.C. 71, 159 S.E. 2d 357; *Horton v. Horton*, 12 N.C. App. 526, 183 S.E. 2d 794, *cert. denied*, 279 N.C. 727; *Cook v. Cook*, 5 N.C. App. 652, 169 S.E. 2d 29.

The judgment is vacated and this cause is remanded for rehearing.

Error and remanded.

Judges VAUGHN and HEDRICK concur.